## H. C. MEDFORD ET AL. v. J. L. FRAZIER ET AL.

58   241
o84   399
84   501

58   241
e88   561

PARTITION.   *Tenants in common.   Account for rents.   When proper.*
  In a bill filed by tenants in common for the partition of the common estate, the
  complainants may claim an account for rents received by a defendant co-
  tenant who has been in possession of the common property; but the latter
  will be liable only where it is shown that he has occupied more than his right-
  ful share of the common estate, and then only for the rent of the excess.

APPEAL from the Chancery Court of Lee County.

Hon. LAFAYETTE HAUGHTON, Chancellor.

The appellees filed the bill in this cause, seeking partition of
a quarter-section of land, of which, it is alleged, the complain-
ants and defendants are tenants in common, and demanding
an account for the rents, which, it is alleged, have been re-
ceived by two of the defendants, who have been in possession

of the land since 1877. The defendants demurred to the bill, and, the demurrer having been overruled, they appealed. The only ground of demurrer which it is necessary to state is clearly·indicated in the opinion of the court.

*H. C. Medford* and *J. L. Finley*, for the appellants.

It is doubtful whether, in a proceeding like this, a court of chancery has jurisdiction, under our system of law, to require a party defendant to account for rents. If one tenant in common should receive all the rents and profits of the common property, and refuse to settle with his co-tenants, a court of chancery would require him to account; and so, if one tenant in common should occupy the whole estate, and keep his co-tenants out of possession, a court of chancery would require an account of rents received by the co-tenant in possession. Freem. on Co-ten., sect. 321 *et seq.* But where one or more of the more industrious co-tenants occupies the common property peaceably, without keeping the others out of possession, and by thrift and industry makes a profit out of the property, while his co-tenants are idling, the law does not allow the co-tenants out of posssession to come into a court of chancery and claim a part of the. profits. Freem. on Co-ten., sects. 248, 250, 251, 258, 286; 33 Miss. 149.

*J. D. Williams*, for the appellees.

The demurrer to the bill was properly overruled. The bill shows a complete and perfect right on the part of the complainants to the remedy prayed for by them.

There seems to be no legal doubt but that if two of the defendants, Medford and Wilson, have received the entire rents and profits of the common estate, in which they and their vendors have only an undivided interest, they must be compelled to account to the other parties in interest. And the chancery court, under our law, has the peculiar jurisdiction for the settlement of such controversies. Freem. on Co-ten., sects. 257–259.

CHALMERS, C. J., delivered the opinion of the court.

None of the grounds of demurrer are well taken. The only one which demands special notice raises the question whether it is admissible in a bill for partition to pray for an account for rents against such of the co-tenants as have been in possession of the common property. This question, though of first impression here, is well settled elsewhere in the affirmative. Freem. on Co-ten., sect. 512, and cases cited.

The occupying co-tenant will not be liable for rents unless it be shown that he has occupied more than his just proportionate share of the common estate, and then only for the rent of the excess.

Decree affirmed, and sixty days given to answer.