ARABELLA E. AUSTIN ET AL v. ELMA T. BARBER.

[41 South. Rep., 265.]

1. CHANCERY PRACTICE. *Pro confesso. Decree.*

A *pro confesso* against a defendant authorizes only such final decree as may be properly predicated of the averments of the bill of complaint.

2. SAME. *Partition. Rents.*

A final decree, based upon a *pro confesso* to a cross-bill, adjudging a defendant in a partition suit liable to the complainant in the cross-bill for rents is erroneous if the cross-bill contain no averment showing such liability.

3. SAME..

While the interest of a tenant in common who has had the use and occupation of more than his just proportion of the land may be charged with rents by a cotennant, the interest of another cotenant who has not had such use and occupation is not so chargeable.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Effie Elmer Dulion and others were the complainants in the court below; Mrs. Barber, the appellee, and Mrs. Austin, the appellant, were defendants there. Mrs. Barber, the appellee, filed a cross-bill against her codefendant, Mrs. Austin, and complainant, Mrs. Dulion, the appellants, and obtained a final decree against them, based on a *pro confesso* to the cross-bill, from which they appealed to the supreme court.

Jacob Elmer in his lifetime owned a tract of land in the city of Biloxi, which he devised in equal proportions to his six children, Effie Elmer Dulion, Clarence Elmer, Percy Lee Elmer, Coresta Bachino, Edwin Ross Elmer, and Albert Elmer. Albert, Clarence and Percy Lee Elmer sold their several one-sixth undivided interests to Mrs. Austin, the appellant, who sold an undi-

vided one-fourth interest to C. E. Theobald, and Theobald sold his undivided one-fourth interest to Mrs. Barber, the appellee. Mrs. Effie Elmer Dulion, Coresta Bachino, and Edwin Ross Elmer filed a bill in chancery against Mrs. Barber and Mrs. Austin for a division of the land in kind, with an alternative prayer for a sale and division of proceeds in case the court should find the property not susceptible of a fair division in kind without prejudice to the interest of the owners.    Mrs. Barber filed a cross-bill, seeking to recover one-fourth of the rental value of the premises from the date of the purchase of the undivided one-fourth interest by Theobald, her grantor, alleging that since that time the premises had been occupied by Coresta Bachino and Edwin Ross Elmer, and praying that the court should make the rent due her a charge against the estate.    The court found that Mrs. Barber was entitled to one-fourth of the rent and profits of the premises, and entered a decree awarding the same to her and making it a charge against all the property.    Mrs. Austin and Effie Elmer Dulion appeal, on the ground that their interest in the property should not be taxed with the rents and profits, since it was not alleged nor proved that they occupied the premises or received any of the rents and profits arising therefrom.

*Harper & Harper,* for appellants.

The cross-bill claimed that two of the cotenants, Edwin Ross Elmer and Coresta Bachino, occupied the premises from the 26th of October, 1900, until the date of filing the complaint, hence the claim was made that she, Mrs. E. T. Barber, should be decreed to one-fourth of the value of the rents out of the distributive shares of the proceeds of these two cotenants of said Coresta Bachino and said Edwin Ross Elmer.

Upon the filing of the cross-bill the court acquired jurisdiction of the cross-complainant and likewise acquired jurisdiction of the subject-matter of the controversy between Mrs. E. T. Barber, Edwin Ross Elmer and Coresta Bachino.    Upon service of summons upon all of the defendants, the court acquired jurisdiction

of all of the parties, but the cross-bill failed to show that the court had the power to hear and determine a controversy between Mrs. E. T. Barber and the defendant, Mrs. A. E. Austin, and Mrs. Effie Elmer Dulion. The cross-bill alleges no such controversy between them as between the appellants and the appellee. There was no subject-matter of the suit, and the court was without jurisdiction to render a money judgment or any judgment against them. Notwithstanding the fact that these appellants were made parties defendant and the court acquired jurisdiction over them, it does not follow that a court might render a judgment against them. No facts were presented in the cross-bill which these appellants could answer. They could neither deny or affirm any of the facts as stated in the cross-bill. It was not of their concern whether Edwin Ross Elmer and Coresta Bachino did or did not owe Mrs. E. T. Barber any sum of money for rents and profits of the premises. They could neither demur to the bill nor answer the same. They were in court, but nothing was left for them but to remain silent, which they did.

*Barber & Mize,* for appellee.

The court will bear in mind that the land on which the lien was given by the lower court is the same land that was sold for partition and bought by one of the cotenants; that the proceeds were paid into court and each party received his or her respective share; that said land was occupied from October, 1900, to August, 1902, by two of the cotenants exclusively, to wit: 'Coresta Bachino and Ross Elmer, without consent or agreement of appellees and without paying any rent therefor. Certainly the rents and profits from said land and improvements during the time appellee was a cotenant in said property is an equity to be settled in said partition suit, and when Mrs. Austin bought said land she bought it subject to said equity, which was a lien on said land for $110, being appellee's share of said rents during the period of her cotenancy; and the chancellor was certainly correct in ordering said land sold for the payment of said lien. *Medford* v.

*Frazier,* 58 Miss., 241; *Burns v. Dreyfus,* 69 Miss., 211 (s.c., 11 South. Rep., 211); *Morgan* v. *Long,* 73 Miss., 406 (s.c., 19 South. Rep., 98). .

Now, as to the contention, should it be made, that a decree void as to one of the parties is void as to all, and the case in support thereof, to wit: *Moore* v. *Summerville,* 80 Miss., 233 (s.c., 31 South. Rep., 793), we admit that this is a rule of law well settled in this state; but, while counsel's law is sound, his facts in this case do not support the proposition of law laid down in the *Summerville case,* and said law and said case are not applicable to the case at bar. The parties to the partition suit were all in court when said suit for partition was brought, and remained in court until each and every equity in said suit could be determined; and, when any of the parties sold out their interest to another of the parties, the party purchasing took said interest subject to all equities then existing.

When could a final determination of said suit be had? Not until each party had received their respective shares (73 Miss., 695), and all rents as profits had been accounted for and settled, the amount due therefor being a lien on the land until settled, and the party purchasing the land taking it subject to that equity. *Walker* v. *Williams,* 84 Miss., 392 (s.c., 36 South. Rep., 450).

MAYES, J., delivered the opinion of the court.

There is no controversy growing out of the sale of the lands described in the original bill for partition, it having been practically agreed to by all parties; but the controversy arises on the cross-bill filed by Mrs. Barber, wherein she seeks to recover one-fourth of the rental value of the premises from the 26th day of October, 1900, the date at which her rights in the property accrued to her according to the allegations of the cross-bill. We take no notice of the original bill filed in this cause, since there is no complaint in reference to it. All the original complainants and the codefendant of Mrs. Barber, Mrs. Austin, are made parties defendant to the cross-bill. The cross-bill alleges that C. E.

Theobald purchased a one-fourth interest in the property described in the original bill on the 26th day of October, 1900, and that Mrs. Barber purchased same from him on the 7th day of March, 1901, and that at the time of her purchase from Theobald she also purchased from him all his interest in the rents and profits of said property, which was one-fourth interest, accruing to him on the 26th day of October, 1900, the date of his purchase of the one-fourth interest in the property.    After charging that the rental value of the premises is forty dollars a month, the cross-bill then proceeds to state "that two of the complainants herein, Coresta Bachino and Edwin Ross Elmer, have occupied said property from the 26th day of October, 1900, and are now occupying said property without agreement with or permission from respondent and cross-complainant, and cross-complainant is informed and believes, and therefore charges the truth to be, that Coresta Bachino and Edwin Ross Elmer have rented a part of said property to tenants, and have collected rents therefor." Edwin Ross Elmer, Coresta Bachino, Mrs. Austin, and Effie Elmer Dulion are all made parties defendant to the cross-bill, and the cross-bill, after praying for partition, etc., concludes with a prayer for a decree in favor of cross-complainant for one-fourth of the reasonable value of the rents and profits of the premises from the 26th day of October, 1900.    All parties defendant were duly summoned by personal service.    Mrs. Coresta Bachino and Edwin Ross Elmer answered the cross-bill, denying that the rental value of the premises was forty dollars a month, and a *pro confesso* on the cross-bill was taken against Mrs. Austin and Effie Elmer Dulion.

It will be noted that the cross-bill does not charge that Mrs. Austin or Effie Elmer Dulion had been in the use and occupation of the premises, neither does it charge that they have ever received one cent from the property as rents and profits; but, on the contrary, the cross-bill charges that Coresta Bachino and Edwin Ross Elmer had been in possession of the property and ·

receiving the rents and profits of same. There is no allegation in the bill or the cross-bill of any indebtedness on the part of Mrs. Austin and Effie Elmer Dulion to Mrs. Barber, and the only allegation in the cross-bill which could possibly affect them is the allegation that Mrs. Barber was entitled to a one-fourth interest in the rents and profits. Testimony was taken as to what the reasonable rental value of the place was, and as to who had been in the use and occupation of the same since the 26th day of October, 1900, and the testimony shows that Mrs. Austin and Effie Elmer Dulion had not been in the use and occupation of the premises at all, nor does it establish that either of them had received one cent as rent or profit from the property since Mrs. Barber acquired the right of Theobald, dating from the 26th day of October, 1900, to the date of the hearing. As a matter of fact, since the filing of the original bill, Mrs. Austin has purchased the interest of Effie Elmer Dulion and has also become the purchaser at the sale for partition; but since these purchases were made pending the litigation, with full notice of the rights claimed by cross-complainant, we deal with the suit as though no transfers had been made, and just as the property was in reference to the various interests at the date the original bill was filed. The cross-bill was set for hearing on the answers filed by Edwin Ross Elmer and Mrs. Coresta Bachino, and testimony taken and *pro confessos* taken against Mrs. Austin and Effie Elmer Dulion. After hearing the case the chancellor rendered a decree in favor of Mrs. Barber, which is as follows:

"That Mrs. E. T. Barber is justly entitled to a one-fourth interest in all rents, profits, and issues of the hereinafter described land, from the 26th day of October, 1900, to the 6th day of August, 1902, a period of twenty-two months, and that the value of the rents from said property for that time amounting to twenty dollars per month, and that Mrs. E. T. Barber is entitled to a lien on the property in question."

It will be noticed just here that the decree of the chancellor does not give Mrs. Barber a lien only on the interest of Edwin Ross Elmer and Coresta Bachino, the parties shown by the proof and the parties charged in the bill with having had the use and occupation of the property; but it gives a lien on the entire property, including the interest of Mrs. Austin and Effie Elmer Dulion, to pay the debt that could only be owing by Edwin Ross Elmer and Mrs. Coresta Bachino, and which was owing as well to Mrs. Austin and Effie Elmer Dulion as to Mrs. Barber in such proportion as the interest of each bore to the entire value.   By this decree the interest of Mrs. Austin and Effie Elmer Dulion are made to guarantee to Mrs. Barber the debt of Edwin Ross Elmer and Mrs. Coresta Bachino, and which was owing as well that they have nothing to do with it in any way, and occupy the same relation to Edwin Ross Elmer and Mrs. Coresta Bachino that Mrs. Barber does.   The decree then proceeds:

"It is therefore ordered, adjudged and decreed, that the said Mrs. E. T. Barber do have and recover from Mrs. Coresta Bachino, Mrs. A. E. Austin, and Mrs. Effie Elmer Dulion, or either of them, the sum of one hundred and ten dollars, with all cost herein; and in default of the payment by either one of them of said sum within thirty days from this date, it is further ordered that F. S. Hewes, clerk of this court, who is hereby appointed a special commissioner, shall sell the before-mentioned real estate as above set out, or so much thereof as may be necessary, to pay the one hundred and ten dollars, with cost herein."

It will be seen by this part of the decree that the chancellor not only establishes a lien on the interest of Mrs. Austin and Effie Elmer Dulion in the property for the use and occupation of the premises by Edwin Ross Elmer and Coresta Bachino; but the court gave a personal judgment against them in favor of Mrs. Barber for the use and occupation shown to have been enjoyed by Edwin Ross Elmer and Mrs. Bachino only.   A *pro confesso,* at most, is nothing but a confession by the party against whom it

is taken that the allegations of the bill in so far as they affect him are true. It confesses only such case as is made by the pleadings against the party against whom the *pro confesso* is taken. A decree taken on a *pro confesso* must conform to the pleadings, and no other decree can be taken against a defendant confessing the bill than the allegations in the bill show that the complainant is entitled to. The mere fact that a *pro confesso* is taken does not give the party taking it the right, *ad libitum,* to take any kind of a decree he may see fit to take against the defendant failing to answer, and, if he transgresses the limits of the case as made out by the pleadings, the decree is, to say the least, voidable on appeal. The cross-bill does not contain one single allegation of indebtedness for use and occupation against Mrs. Austin or Effie Elmer Dulion. On the contrary, it alleges that the premises have been in the use and occupation of "two of the complainants herein, Mrs. Coresta Bachino and Edwin Ross Elmer." The proof shows that Mrs. Austin and Effie Elmer Dulion have not received anything from the premises, and have not had the use and occupation of same; nor is there any attempt, either by the allegations of the cross-bill or in the proof, to show that they had made themselves liable in any way, either for rents received, or for use and occupation of the premises. The only possible effect that a *pro confesso* could have as against them was to conclude them from controverting the fact that Mrs. Barber was entitled to a one-fourth interest in the rents and profits of the property in question. There was no attempt to charge them with either rents and profits, or with use and occupation. Mrs. Austin and Effie Elmer Dulion might well let a *pro confesso* go against them, since the only rights of theirs which were sought to be affected were that Mrs. Barber owned a one-fourth interest in the property, and was entitled to one-fourth of the rents and profits as against them, from the 26th day of October, 1900, to the 6th day of August, 1902. The *pro confesso* taken only confessed this, and this was the only kind of a decree that could be taken against them on the *pro confesso.* The decree, based upon the *pro con-*

*fesso* taken against Mrs. Austin and Effie Elmer Dulion, shows no right to the relief given by the chancellor. *M. & C. R. R. Co.* v. *Neighbors,* 51 Miss., 412, on p. 422 ; *Spears* v. *Cheatham,* 44 Miss., 64; *George* v. *Solomon,* 71 Miss., 168 (14 South. Rep., 531) ; *Garland* v. *Hull,* 13 Smed. & M., 76 (51 Am. Dec., 140).

It would have been proper for the chancellor to have given Mrs. Barber a lien on the interest of any tenant in common shown to have received rents and profits in excess of his interest in the property, or to have had the use and occupation of the property over and above his interest in same; but the chancellor could only establish this right in favor of Mrs. Barber on the interest of such party as was shown to have had the use and benefit of the property, and could not fix a lien in her favor on the entire property, including the interest of other tenants in common not shown to have been in the use of the property in any way. There was no warrant in the record for the judgment rendered in favor of Mrs. Barber against Mrs. Austin and Effie Elmer Dulion; neither was it proper to charge their interest with the use and occupation of the premises by Edwin Ross Elmer and Mrs. Coresta Bachino. The case of *Medford* v. *Frazier,* 58 Miss., 241, and *Morgan* v. *Long,* 73 Miss., 406 (19 South. Rep., 98; 55 Am. St. Rep., 541), and *Walker* v. *Williams,* 84 Miss., 392 (36 South. Rep., 450), decide nothing applicable to this case, except to establish the right of one cotenant to charge another cotenant for use and occupation beyond the extent of his individual interest in the property. They do not say, nor does any authority hold, that one cotenant may sue a cotenant in possession for the use and occupation of joint property, joining in the suit as defendants other tenants in common out of possession, not shown to have been in the use and occupation of the premises at any time, and not charged in the bill with having had the use and occupation, and obtain a decree as against the interest of the defendants out of possession for the use and occupation of the tenants in common in possession of the property. Each is liable

for his own use and occupation, and his interest in the premises
may be subjected to the payment of same; but the interest of one
tenant in common can never be subjected to another tenant in
common for the use and occupation of the premises by a third
tenant in common, when it is not shown that the party whose
interest is sought to be subjected had any connection with the
matter in any way.

*The decree being an entirety, the cause is reversed and
remanded.*