MEMPHIS STONE & GRAVEL CO. *et al. v.* ARCHER.[*]

(Division B. Jan. 3, 1925; Suggestion of Error overruled Jan. 26, 1925.)

[102 So. 390. No. 23986.]

1. TENANCY IN COMMON. *Tenants in common liable to account to ousted cotenant for share of value of gravel mined; measure of damages for exclusion of tenant in common is value of gravel in situ.*
   Where tenants in common owning an undivided two-thirds interest in gravel lands have excluded from the possession their tenant in common owning an undivided one-third interest in the lands and have mined the gravel, they are liable to account to the cotenant who has been ousted for the value of the one-third interest of the tenant in the gravel. The measure of damages is the value of the gravel *in situ.*

2. HOLDING AS TO VALUE OF MINED GRAVEL HELD PROPER.
   Facts examined in this case, and *held,* that the chancellor was authorized from the testimony in holding that the value of the gravel so mined was three cents per cubic yard.

[*]Headnotes 1. Tenancy in Common, 38 Cyc., p. 80; 2. Tenancy in Common, 38 Cyc., p. 81 (1926 Anno.).

APPEAL from chancery court of Tishomingo county. HON. A. J. McINTYRE, Chancellor.

Suit by Mrs. Johnnie Archer against the Memphis Stone & Gravel Company and another. From decree for plaintiff, defendants appeal, and plaintiff brings cross-

appeal. Affirmed both on direct and cross appeal, and remanded.

See, also, 82 So. 315.

*J. M. Boone* and *Ewing, King & King,* for appellants.

It seems that the defendants herein have acted at all times in absolutely good faith; this is not questioned, and that their position before this court is one which in equity should stand them well. It is admitted that they honestly believe themselvs the holders of the fee title to the property; there was nothing to put them on notice of any claims; they have mined less than one-fourth of the gravel; they own a two-thirds undivided interest. The law seems to be well settled by the best reasoned cases, and by the vast majority of authority, and especially by the courts of Mississippi, that where one co-tenant, believing himself to be the owner of the entire estate, uses the entire estate, or mines minerals on the estate, he is liable at the suit of the co-tenant for the proportionate share of the profits of his co-tenant, but the co-tenant so suing or so desiring, asking or demanding an accounting must be charged with the entire expenses of the mining or use of the property, and is chargeable with these expenses unless it appears to the court that the use of the property by the co-tenant in possession is not in accord with good husbandry; is wasteful, or is for the purpose of hindrance or embarrassment to the co-tenant out of possession. We do not believe that the expenses are to be determined by what is generally customary among the trade for services and work of a similar nature. The actual authority in good faith is the criterion. The correct rule seems to be stated in section 30, R. C. L. "Co-tenancy." *Ruffners* v. *Lewis,* 7 Leigh (Va.) 720, 30 Am. Dec. 513; *Early* v. *Friend,* 16 Grat. 21, 78 Am. Dec. 649; *Graham* v. *Pierce,* 19 Grat. (Va.) 28, 100 Am. Dec. 658; *Williamson* v. *Jones,* 43 W. Va. 562, 27 S. E. 411, 64 Am. St. Rep.

891, 38 L. R. A. 694; Notes: 78 Am. Dec. 668; 65 Am. St. Rep. 768; 91 Am. St. Rep. 876-78; 28 L. R. A. 839, 852; 29 L. R. A. (N. S.) 233; 18 Ann. Cas. 1088; *Keys* v. *Pittsburgh W. Coal Co.,* 58 Ohio 246, 50 N. E. 911; 65 Am. St. Rep. 754; 41 L. R. A. 681; *Fulmer's App.* 128 Penn. 24, 18 Atl. 493, 15 Am. St. Rep. 662; *Cain* v. *Cain,* 53 S. C. 350, 31 S. E. 278, 69 Am. St. Rep. 853; *Chancy* v. *Ricks,* 187 Ill. 171, 58 N. E. 234.

Again, the one-third interest of Miss Archer has not been touched. In the absence of an express promise of a liquidated sum, a co-tenant is obliged to account only for a proportionate share of the net profits. *Oil & Gas Co.* v. *Transit Co.,* 172 Pa. 451, 51 Am. St. Rep. 746; *Sandy River Cannel Coal Co.* v. *White House Coal Co.,* 125 Ky. 285, 101 S. W. 319; *Keys* v. *Pittsburgh W. Coal Co., supra; Bailey* v. *Chicago, etc., Ry.,* 19 L. R. A. 653. The tenant in common in possession of property is, in the absence of an agreement providing otherwise, liable only for what he received, not what he takes. *Adams* v. *Bristol,* 126 App. Div. 660; *McNeely* v. *South Penn. Oil Co.,* 58 W. Va. 438, 52 S. W. 480; *Hannah* v. *Carver,* 121 Ind. 278, 23 N. E. 93; *Sweeney* v. *Hanley,* 126 Fed. 27, 27 Cyc. 768-69; *McCord* v. *Oakland Quicksilver Min. Co.,* 64 Cal. 134, 27 Pac. 863, 49 Am. St. Rep. 686; *Pico* v. *Columbet,* 12 Cal. 414, 73 Am. Dec. 550; *Paul* v. *Cragnaz,* 25 Nev. 293, 59 Pac. 857, 60 Pac. 983; *Job* v. *Patton,* L. R. 20 Eq. 84; 44 L. J., ch. 262; 32 L. T. Rep. (N. S.) 110; 23 Wkly. Rep. 588; *Clegg* v. *Clegg,* 3 Giffard 322; 7 Jur. (N. S.) 92; 31 L. J., ch. 153; 5 L. T. Rep. (N. S.) 441; 10 Wkly. Rep. 75; 66 Eng. Reprint 433; *Cain* v. *Cain, supra;* Thornton on the Law of Oil and Gas (3 Ed.), 470.

Royalty is a mere matter of contract, and as there is no contract in this case, express or implied, certainly trying to measure damages on a basis of royalty is entirely out of order. Royalty is a creature of lease, where none of the elements of a co-tenancy exist and where there is no question of the liability of one co-

tenant using under a *bona-fide* belief of actual owner-
ship. *Kissick* v. *Bolton*, 112 N. W. 95, 130 Ia. 650; 1
Ex. Div. 310; *Hubenthal* v. *Kennedy*, 76 Ia. 707, 39 N.
W. 694. Can the widest stretch of the imagination place
upon an honest co-tenant believing in actual ownership
of the whole, a contractual liability only used when there
is an express lease or contract?

In this case, it has been admitted and is conclusively
shown that the Memphis Stone and Gravel Company
was on this land believing themselves to be the actual
owners and in full possession of the property with ab-
solute and an unassailable fee-simple title. The law is,
as we have said before under the conditions as enumer-
ated, that the tenant who is not in possession but who
is not excluded is entitled to its proportionate share
of the rent and profits, or if the court take not this
basis then the tenant not in possession but not excluded
may as a measure of damages, have the value of her
proportionate share of that part of the gravel removed
as it was *in situ*; that is in the ground before it was
ever touched for commercial or other purposes.

The Memphis Stone and Gravel Company never took
one thing from the Oldham pit until it was purchased
by it from Oldham, April 30, 1916. We respectfully
submit that up until the time of the sale by Oldham of
his interest in this property, he alone is liable to the
complainant if there be any liability for there was no
trespass, and on whatever basis the court determines
said liability to exist up until the time, April 30, 1916.
Certainly the Memphis Stone and Gravel Company, co-
tenant, had a right to mine this property. Tiffany on
Real Property (2 Ed.), 991-92; *Alderson* v. *Cole Land
Co.*, 81 W. Va. 411, 94 S. E. 716; Freeman on Co-
Tenancy, sec. 249-A. "Where a tenant in common re-
ceived rent, income or profits from a third person in
excess of his share in good faith, he is generally held
liable to account therefor only for what he has actually
received more than his just share or proportion, and not

for the rental value of the property or what he might have received." *Renshaw* v. *Tullahoma First National Bank,* 38 Cyc. 70, Ch. App. 1900, 63 S. W. 194; *McCall* v. *Barker,* 115 Ala. 543; *Howard* v. *Throckmorton,* 59 Cal. 79; *Barnum* v. *Landon,* 25 Conn. 137; *Denning* v. *Denning,* 165 Mass. 230; *Minor* v. *Bristol,* 126 N. Y. App. 660; *McGahan* v. *National Bank,* 156 U. S. 218, 39 L. Ed. 403; *Dangerfield* v. *Colwell,* 151 Fed. 554; *Henderson* v. *Eason,* 17 Q. B. 701.

An injunction will not be granted preventing a tenant in common from cutting timber on the premises, since the tenant in common has the right to enjoy the estate and to cut timber and use and dispose of it at least to the extent corresponding to his share of the estate. *Hihn* v. *Peck,* 18 Cal. 640. In an account between tenants in common of land used for getting timber therefrom, the value of the timber while growing is the true rule to be taken of valuation. Walling v. Burroughs, 43 N. C. 60; *Dodd* v. *Watson,* 57 N. C. 48, 72 Am. Dec. 577; *Clowser* v. *Joplin Mining Co.,* Fed. Cases No. 2908-A (4 Dillon 469 note); *Darden* v. *Cooper,* 52 N. C. 210; *Gillum* v. *R. R. Co.,* 5 Tex. Civ. App. 338, 23 S. W. 717; *Hatton* v. *Lumber Co.,* 57 Tex. Civ. App. 478, 123 S. W. 163.

A co-tenant in possession with a righteous belief of ownership of the entirety, not excluding co-tenants nor denying them in any respect their rights, but acting in good faith and enjoying no more than his proportionate share of the property is liable to a discovered co-tenant only for the proportionate part of the net rents and profits received or in the case of removal of timber or minerals the net value in proportion to interest or the proportionate value of the timber standing or the mineral in the ground. *Bennett* v. *Bennett,* 84 Miss. 493, 36 So. 452; *Iler* v. *Routh,* 3 How. 276.

*Lester G. Fant,* for appellants.

I. Authorities: *Sweatman* v. *Dean,* 86 Miss. 641; *Smith* v. *Stansil,* 93 Miss. 69; *Shorter* v. *Lesser,* 98

Miss. 706;  *Cox* v. *Kyle,* 75 Miss. 667; *Gilleyan* v. *Martine,* 73 Miss. 695; *Leatherbury* v. *McInnis,* 85 Miss. 160; *Bennett* v. *Bennett,* 84 Miss. 493; *Watkins* v. *Williams,* 84 Miss. 392; *Paddock* v. *Shields,* 57 Miss. 340; *Medford* v. *Frazier,* 58 Miss. 241; *Eaton* v. *Broderick,* 101 Miss. 26; *Dickerson* v. *Weeks,* 106 Miss. 804; *Hauer* v. *Davidson,* 113 Miss. 896.

II.  The first proposition announced by the above authorities is that there must be partition in kind unless it conclusively appears that partition in kind is impossible, and a decree for partition is always interlocutory and can be modified, changed, annulled or handled in any way to affect equal and absolute justice to the parties by the chancellor until final decree confirming the report of commissioner whether a partition or sale, has been entered on the minutes after the term of court has adjourned, or entered in vacation. Then it can be appealed, and only then.

III.  One tenant in common cannot be held to account to the other co-tenant unless he has mined more than his proportionate share. *Leatherbury* v. *McInnis, supra; Bennett* v. *Bennett, supra; Walker* v. *Williams,* 84 Miss. 392. In compiling these authorities great care has been taken to see if our supreme court in Mississippi has ever made any contrary holdings, and find the case to be that these authorities are the law in Mississippi now, and have never been modified either by statute or the supreme court.

*Boone & Worsham,* for appellants.

The court below erred in not adopting the acreage valuation as contended for by defendants in order to arrive at the value of the gravel *in situ.* The court in rendering its opinion said: ''Complainants were entitled to the value of the gravel *in situ* at the time defendants began to mine the same,'' and therefore, the question is

open in this discussion as to how that value can and should be arrived at. Defendant's contention is that a cubic yard valuation cannot be entertained nor resorted to, to establish this value *in situ* before anything was done by defendant resulting in the mining of the gravel. The only reasonable solution of the problem is to ascertain what the gravel was worth laying in the hill covered with soil and timber, unenhanced by anything done by defendants to increase its value or to create it a marketable commodity, or any enhanced value, if any, given to it by creating for its use a market. There is no such thing as land, although underlaid with gravel, having a cubic yard valuation before any expenditures have been made rendering it possible to give the gravel a valuation other than that, that it has as body of land. There is no such thing in the law as giving a commodity or a piece of property a market value when the *res* in fact does not have a market value. There is no such thing, either under the rules of commonsense or under the rules of law, as giving a *res* a market value for the party charged with its value to create for the *res* a market value unless you give the party creating the market value, credit for the expenditures necessarily incidental in creating this market value. I think it can fairly be said that it is shown by this record that not a yard of gravel moved from this pit had a separate and intrinsic market value apart from the land.

The burden is upon the complainants in this case to establish by the evidence as a fact that this gravel as it lay in the hill untouched before defendants made any expenditures to give it value, had a value, and what its value was *in situ*. The complainants are suing the defendants in this case for the value of the gravel. The burden is therefore, upon complainants to show by a preponderance of the evidence what this value is before they are entitled to a decree therefor. The court has decided in this case not to adopt this method but to find

its value *in situ,* and in doing this all question of the price or the value on the market is inadmissible in arriving at its price *in situ. Railroad Co.* v. *LeBlanc,* 74 Miss. 626; *Bolles Woodenware Co.* v. *United States,* 106 U. S. 432, 27 L. Ed. 230; *Pine River Logging Co.* v. *United States,* 185 U. S. 293, 46 L. Ed. 1164.

The real injury done appellee is compensated for when she is paid for her gravel by the acreage as that is the only way, as shown by this record, it could have been disposed of.

The court erred in overruling the motion of appellants, the Memphis Stone & Gravel Company, to refer this cause to freeholders for partition in kind. The right to a sale rather than a partition in kind is purely statutory and this statute is an innovation upon the common law and must be strictly pursued. *Cox* v. *Kyle,* 75 Miss. 667; *Tindall* v. *Tindall,* 3 So. 581; *Shorter* v. *Lesser,* 98 Miss. 706; *Sweatman* v. *Dean,* 86 Miss. 641; *Smith* v. *Stansel,* 93 Miss. 72. The statute provides that a sale must better promote the interest of all parties than a partition in kind. In this case, appellant's interests would be very much damaged, rather than promoted, by a sale of this land, as it already has railroad tracks and equipment for mining the gravel installed. This property could not be sold with the land as appellee has no interest whatever therein, and unless appellant bought the land at the sale it would lose this equipment and trackage and would be damaged thereby.

In a partition of land the rule in Mississippi is that if one of the co-tenants has made improvements on the land, the allotment ought to give him that portion of the land upon which improvements were made, as if the land was now a wilderness, *Bennett* v. *Bennett,* 84 Miss. 501, thus by a partition of this land in kind, appellant would be saved of his loss of equipment installed and appellee in no way injured or damaged.

*W. C. Sweat, W. L. Elledge* and *T. A. Clark,* for appellee.

The first contention of counsel for appellant which I will discuss is that the lands should be partited in kind. We say that it is now too late for·them to attempt to raise this question. In the first place, the original bill, filed in this cause, alleges that, on account of the nature and character of these lands, the same cannot be partited in kind. Of the separate answers filed by defendants, not one of them denies this allegation. Second, the decree of the court below ordered the land sold for a partition in kind, and this decree was appealed from to the supreme court and the cause was affirmed. Third, during the taking of all of this mass of testimony on the accounting, the only proof in the record with reference to whether or not the lands could be partited in kind is that on the part of the defendant, Mr. Oldham, and he stated positively that it could not be partited in kind. Fourth, no application was made on the part of the defendants to the court to have this land partited in kind until all of this mass of testimony was taken on accounting and submitted to the master, and his report made. Then, for the first time, an application was made to partite the lands in kind. *Memphis Stone & Gravel Co.* v. *Archer,* 120 Miss. 454; Sec. 344, Hemingway's Code; Sec. 584, Code of 1906; *Reynolds* v. *Wilkerson,* 119 Miss. 590; *R. R. Co.* v. *McLarty,* 71 Miss. 755, 15 So. 928; *Colbert* v. *Henley,* 64 Miss. 374, 1 So. 631; *Jones County Land Co.* v. *Fox,* 120 Miss. 815, 83 So. 241; *Hopper* v. *Overstreet,* 79 Miss. 241, 30 So. 637; *Hinton* v. *Mills,* 120 Miss. 388, 82 So. 264. This question having been determined by the lower court on the pleadings, appealed from and affirmed, it was finally determined, and, as stated above, has ever since been the law of the case in so far as that feature of it is concerned. 2 R. C. L. 223-4, sec. 187.

Counsel for the Memphis Stone & Gravel Company argues at length that they should only be charged with the profits which they made in the mining of the gravel; and they say that they made no profit, but lost money, and their conclusion, therefore, is that they should not be charged with anything. When a co-tenant occupies the whole estate, to the exclusion of his other co-tenants, he is chargeable with the value of the use and occupation of the other co-tenants' share; and this is not dependent upon whether or not he made a profit or lost money. 7 R. C. L., sec. 23, p. 829.

"Royalty means so much per yard for gravel in the hill." This is what the special master recommended that we should have; and to which we are entitled. It is also, the method which is recognized by the authorities. *Cedar Canon Co.* v. *Yarwood,* 91 Am. St. Rep. 877; *Cosgriff* v. *Dewey,* 79 Am. St. Rep. 621; *Fulmer's App.,* 15 Am. St. Rep. 662, 128 Pa. 24; *Keys* v. *Pittsburgh W. Coal Co.,* 65 Am. St. Rep. 754, 58 Ohio 246; *R. R. Co.* v. *LaBlanc,* 74 Miss. 647; *New Domicile Oil & Gas. Co.* v. *McKinney* (Ky.), 221 S. W. 245; *Monut* v. *Wood,* 4 Col. App. 118, 35 Pac. 58; *St. Clair* v. *Cash Gold Mining Co.,* 9 Col. App. 235, 47 Pac. 446; *Grt. Northern Gas Co.* v. *Logan & Co.,* 155 Fed. 144, 83 C. C. A. 574; *Johnson* v. *Kansas Gas Co.,* 90 Kan. 565; 1915-B Ann. Cas. 555-56; *Silver Coalition Mining Co.* v. *Silver King Consolidated Mining Co.,* 204 Fed. 166; 1918-E Ann. Cas. 579.

"And in the suits for accounting, the general rule is that the defendant has the burden of proving what allowance he is entitled to." *Thacker* v. *Hayes,* 54 Mich. 184, 19 N. W. 946; *Fettering* v. *Nordstrong,* 148 Fed. 81, 78 C. C. A. 157.

*Boone & Worsham,* in reply for appellants.

As contended in our original brief, the original decree providing for sale of the land was an interlocutory de-

crcc and could not have been appealed from except by consent, and what was said by the court in its opinion when this case was here before about the partition of this land was simply a statement of what was contained in the decree of the court below. *Sweatman* v. *Dean,* 86 Miss. 641; *Product Mfg. Co.* v. *Buckley,* 107 Miss. 879: "The sale of land for partition is regulated by statute and is not dependent upon the common law or the general principles of equity." *Martin* v. *Gilleylen,* 70 Miss. 324. Sec. 584, chapter 19, Code of 1906, relied upon in appellee's brief, does not apply in a partition proceedings, as the partition chapter has its own separate and clearly defined rules and regulations apart from and disconnected with the general chancery laws of the state.

Our contention is that silence in defendant's answer is not such consent as confers upon the court authority and power to order a sale of the land.

Argued orally by *Lester G. Fant* and *R. E. King,* for appellant, and *W. C. Sweat,* for appellee.

Sykes, P. J., delivered the opinion of the court.

This suit was brought by the appellee as complainant against the appellants as defendants. In her bill the appellee claims to be the owner of an undivided one-third interest in certain mineral lands valuable principally for the gravel thereon. The bill alleges that the defendants are the owners of the other undivided two-thirds interest. It is alleged in the bill that the lands are incapable of a partition in kind, and it is prayed that they be sold and that the defendants be required to account to her for the rents, issues, and profits of the lands during the time they have been in possession. On the first hearing of the cause in the chancery court, it was decreed that the complainant was the owner of an undivided one-third interest in the lands and a sale

of the lands was ordered. From which decree an appeal was prosecuted to this court and the decree of the lower court affirmed. See opinion of the court in the case of *Stone & Gravel Co.* v. *Archer,* 120 Miss. 453, 82 So. 315. Upon the remand of the cause a special master was appointed by the court to state an account between the complainant and the defendants. Much testimony was introduced before the master. The chancellor found that the measure of damages was the value of the gravel *in situ.* He found the value of this gravel to be four cents per cubic yard before it was mined, that one cent per cubic yard was sufficient to pay for the use of the equipment of the defendants, and that three cents per cubic yard was therefore a reasonable value per cubic yard to which the complainant was entitled. It is also found in this decree that the land is incapable of division in kind and it is ordered to be sold. From which decree this appeal is here prosecuted.

After the special master had made his report to the court, the defendants made a motion that freeholders be appointed to partite in kind these lands. This motion was overruled by the court.

It is contended in this court by the appellants: First, that the land should be partited in kind; second, that the measure of damages was the value of the land per acre, and not the value of the gravel per cubic yard.

The original bill alleged that the lands were not susceptible of division in kind. None of the answers of the defendants denied this fact. The only testimony in the record upon this question is that of one of the defendants who testified that the lands were incapable of division in kind. We therefore conclude that the chancellor was correct in overruling the motion to appoint freeholders when there was no issue raised in the pleadings and the only testimony upon the subject showed the lands were incapable of division in kind.

The testimony in this case shows that the price at which gravel in this vicinity is mined is by the cubic

yard. The usual way in which it is mined is by contract, which provides for the payment to the mine owner of so much per cubic yard. This is ordinarily called royalty. A great many lands in the. vicinity of that involved in this suit contain deposits of gravel similar to those mined by the defendants on this land. That these gravel lands in this vicinity have a value per cubic yard is proven in the record. This fact is shown by what people have contracted to pay per cubic yard for gravel. The fact that it is thus subject to contract as to price shows its market value. The usual ordinary way to ascertain the market value is to show what articles were bought and sold for in the market in .accordance with contract. And this is what was shown in this case. The rule laid down in the case of *Railroad Co.* v. *Le Blanc,* 74 Miss. 626, 21 So. 748, is as follows:

"The weight of authority, both in England and America, is that where coal or other material has been taken from the land of another under an honest claim of title, or where the trespass was from ignorance and was not willful, the damages will be confirmed to the value of the property *in situ,* and such other damage to the land as the mining may have caused."

This rule is variously stated by other courts. In the case of *Oil & Gas Co.* v. *McKinney,* 188 Ky. 183, 221 S. W. 245, it is held that—"Where a cotenant of minerals, as petroleum oil, occupies and works them exclusively, he is liable to a cotenant to pay the universal . . . royalties for the right of mining the particular substance in the particular locality, if he acted in good faith in so mining."

See, also, *Canon Co.* v. *Yarwood,* 91 Am. St. Rep. 877; *Cosgriff* v. *Dewey,* 79 Am. St. Rep. 621; *Fulmer's Appeal,* 128 Pa. 24, 18 A. 493, 15 Am. St. Rep. 662.

It is also contended by the appellants that the measure of damages in this case should be one-third of the profits made by the defendants in the mining of this gravel and that the testimony shows that the mining of this gravel

has not been profitable. Therefore complainant should recover nothing as to this item. The proof of the defendants along this line is very unsatisfactory. It might be, under some circumstances, that a complainant who had been kept out of possession by his cotenants might have the privilege of election as to his damages, but he is not confined exclusively to his part of the alleged profits. The rule is well stated in 7 R. C. L., section 23, p. 829, as follows:

"And where one has thus ousted his cotenants his liability is not dependent on the receipt of profits by him out of the common property, for, in such a case, he must answer for the value of the use and occupation regardless of his actual income, and regardless further of whether his wrong has been profitable to himself or not."

It is further contended by the appellants that since they own an undivided two-thirds interest in this property and that they have not taken their share of the gravel from the land, they should not be held liable to their cotenant. They have been in the exclusive possession of the entire property and are accountable to their cotenant for her share of the gravel removed.

The appellee prosecutes a cross appeal, claiming that the testimony shows the value of the gravel four cents per cubic yard and that the chancellor should not have allowed her only three cents per cubic yard. We think the chancellor, under the testimony, was warranted in placing the value at three cents per cubic yard. The decree is therefore affirmed both on direct and cross appeal, and the cause remanded.

*Affirmed both on direct and cross appeal, and the cause*
*remanded.*