OLDHAM v. MEMPHIS STONE & GRAVEL Co. *et al.**

(Division B. Feb. 14, 1927.)

[111 So. 357. No. 26221.]

PARTNERSHIP. *Retired partner, contributing land as share of capital, cannot recover against partnership for amount paid another for interest therein.*

Where former member of partnership was required to account to another for one-third interest in lands from which gravel was taken by partnership, and which lands were furnished by such member as his contribution to capital, he is not entitled to recover amount paid therefor from partnership, notwithstanding that contract of sale of interest in partnership to other partners relieved him of existing firm liabilities, since loss resulted from his own misrepresentation and was a liability created by his own wrongful conduct.

*Corpus Juris-Cyc. References: Partnership, 30Cyc, p. 620, n. 17 New.

APPEAL from chancery court of Tishomingo county.
HON. ALLEN COX, Chancellor.

Suit by L. E. Oldham against the Memphis Stone & Gravel Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*E. C. Sharp,* for appellant.

It is the contention of appellant that by virtue of the agreement and upon the execution of same, Oldham became merely a surety as between himself and other part-

ners for any existing debts of the partnership; that while he was liable as a partner to Johnnie Archer, he had a right to recover any amounts which he was forced to pay out from the other partners. By this agreement it is shown that there was a full and complete settlement of partnership affairs as between the partners. 30 Cyc. page 703; *Graham et al.* v. *Thornton et al.,* 9 So. 292; *Norman* v. *Jackson Fertilizer Co.,* 79 Miss. 747; *Johnson* v. *Jones,* 48 L. R. A. (N. S.) 547, 135 Pac. 12; 30 Cyc. 612; *Kinney County Land Co.* v. *Cubbage,* 155 S. W. 591; *Binyon* v. *Smith,* 50 Tex Civ. App. 298, 112 S. W. 138; *Clinchfield Fuel Co.* v. *Lundy,* L. R. A. 1915B (N. S.) 418; *Preston* v. *Garrard,* 1 Am. & Eng. Ann. Cas. 724; 20 R. C. L.; 30 Cyc. 707.

The judgment of the lower court should he reversed and judgment entered here for appellant for the amount which he was compelled to advance in settlement of the firm's liability to Johnnie Archer in litigation which arose after the dissolution of the partnership upon a liability contracted prior to the dissolution.

*Lester G. Fant,* also, for appellant.

The obligation was on the part of the partnership to pay for the gravel that was taken out. Under the terms of the dissolution agreement, the appellees were to relieve the appellant from all firm liabilities; that is, liabilities that had before that time been incurred or that should after that time be incurred. Clearly, the liability for the mining of the gravel was either a past obligation or future obligation of the firm because the firm was then operating. The other members, specifically having agreed to assume all the debts of the partnership, clearly assumed this debt; and the chancellor was in error in holding that this was primarily a debt that L. E. Oldham owed, and not a debt that the co-partners owed. See 20 R. C. L. page 986; *Gilmore* v. *Ham,* 40 A. S. R. 561;

*Hunt* v. *Rogers,* 83 Am. Dec. 704; *Dodge* v. *Cutrer,* 100 Miss. 647; *Sweatman* v. *Parker,* 49 Miss. 30.

*W. C. Sweat,* for appellee.

The attempt by the appellant is to recover a sum of money which he was compelled to pay out on account of the fact that the limited partnership of which he was a member removed gravel from lands which he claimed to own, and which in good faith he believed he owned, and which he had leased to the partnership, of which he was a member, and from which lease he received the proceeds, it afterwards having developed that he in fact owned only two-thirds interest in it and that another party owned the one-third interest.

If the suit had been brought straight against the Memphis Stone & Gravel Company for removing gravel and judgment rendered against them, and they had been compelled to pay it, they would have recovered from Oldham because Oldham had turned it over to them as his property and had received the benefits from the lease, and he above all other persons is liable therefor.

A contract covers only those things which can fairly be said to have been within the contemplation of the parties at the time the contract was executed. Under this record it certainly cannot be said that at the time this dissolution contract was entered into that it was fairly and reasonably within the contemplation of the parties that the Memphis Stone & Gravel Company, C. D. Smith and W. L. Smith would be called upon to pay for one-third of the gravel which they had removed from the pit during this period of nearly five years and for which the partnership had already paid Oldham. 7 R. C. L. page 821, paragraph 15, page 818, paragraph 11; *Kenoge* v. *Brown,* 82 Miss. 613; *Edward* v. *Hillier,* 70 Miss. 807; 10 R. C. L., page 802, paragraph 113; *Medford* v. *Frazier,* 58 Miss. 24; *Memphis Stone & Gravel Co.* v. *Archer,* 137

Miss. 570.; *Morgan* v. *Long,* 73 Miss. 406, 19 So. 98; *Burns* v. *Dreyfus,* 69 Miss. 213-14.

From these authorities it will be seen that Oldham's liability to Johnnie Archer was absolute and that there is no liability on the partnership, for the gravel which it removed from the lands in good faith under a lease from Oldham who claimed to be the owner of the entire fee.

Argued orally by *Lester G. Fant,* for appellant, and *W. C. Sweat,* for appellee.

Holden, P. J., delivered the opinion of the court.

.This is a suit by L. E. Oldham to recover from the Memphis Stone & Gravel Company *et al.,* about seven thousand dollars, which Oldham was required to pay to Johnnie Archer under a decree of the chancery court of Tishomingo county. This amount was adjudged as a debt against Oldham for the operation of a gravel pit during the years 1913 to 1916, the said Johnnie Archer being an owner of a one-third interest in the land from which the gravel was taken.

The basis of the suit by Mr. Oldham is that, since he was required to pay Johnnie Archer for the gravel on account of her one-third interest in the lands from which the gravel was taken while Oldham was in copartnership with the appellees in mining and selling the gravel, he is entitled to recover the amount from the partnership (appellees), because it was a liability of the partnership from which he was released when he sold his interest to the other partners.

The record discloses that, in forming the partnership, Oldham and the other partners contributed to the capital of the concern, Oldham putting into the business the land, and the other partners contributing funds necessary for operating a gravel pit; that, when Oldham sold out his interest in the partnership to the appellees, the contract of sale included a provision by which Oldham

was "relieved from all existing firm liabilities and not to be held on any hereafter created" in the operation of the gravel mine. And it is contended that the amount which Oldham had to pay to Johnnie Archer for the gravel taken from her one-third interest in the land operated by the partnership was a liability which he was freed from by the terms of the contract of sale of his interest in the concern, and that, therefore, the appellees should pay back to Oldham, and make him whole therein, the amount that he was required to pay to Johnnie Archer as a liabilitly of the partnership carried on by Oldham and the appellees.

The record shows that Mr. Oldham contributed the land and other property to the partnership in payment for his interest therein, and that he represented to the other partners (the appellees) that he was the sole owner of the entire amount of land put into the partnership from which the gravel was taken; but Oldham contends, nevertheless, that the provision in the contract of sale relieved him of any and all liability of the partnership, and for that reason he should be allowed to recover in the case at bar. The lower court denied relief to Oldham, hence this appeal.

The question presented for our decision, then, is whether or not Oldham is entitled to recover from the partnership (the appellees) the amount he was compelled to pay to Johnnie Archer for her interest in the gravel taken by the partnership from the land in which she owned a one-third interest.

In view of the fact that he represented to the partnership that the land he was putting into the business was owned entirely by him, when, as a matter of fact, he only owned two-thirds of it and Johnnie Archer the other one-third, and thereby causing the liability to Johnnie Archer for the gravel taken from the land, we think the position of Mr. Oldham is untenable. When he represented to the partnership that he was the sole owner of the land, he put into the business as his part of the contribution to

the assets of the concern, he deceived the other partners as to the extent of his interest in the land; and whether the deception was innocent or not (it being honest and unintentional in this case) can make no difference, because the other partners contributed their funds to the partnership on the basis that Oldham was the sole owner of the land which he put into the business. It is as damaging to be injured accidently as intentionally, so far as the results are concerned. Furthermore, Mr. Oldham was charged with knowledge of the extent of his interest in the land when he represented that he was the owner of it.

So it will be seen that Oldham failed to put in the amount of capital, as represented by the land, that he represented to the other partners that he was putting into the partnership; and it is clear that his failure in that regard amounted to a deception and was the cause or basis of the liability incurred and paid to Johnnie Archer by him.

We do not think that Mr. Oldham can be heard now to say that the amount he paid to Johnnie Archer, due to his own misrepresentation, can be recovered against the partnership, because his own wrongful act brought about the situation of which he now complains. In our opinion, it would be inequitable to require the other members of the partnership to stand the loss caused by the failure of Oldham's title to one-third of the land from which the gravel was taken.

If Johnnie Archer had recovered against the partnership, which she doubtless could have done, instead of Oldham, the other partners could have recovered against Oldham for the loss to them on account of his deception as to the extent of his ownership in the land. Therefore Oldham was indebted to the partnership for the amount due Johnnie Archer, and, as he has paid her, the matter is ended.

If it be conceded that the contract between Oldham and the partnership, in which Oldham was freed of all

liabilities, was broad enough to cover the kind of liability claimed here, still we do not think the contract, relieving Oldham of liabilities of the partnership, contemplated any liability incurred on account of the misrepresentation of Oldham as to the amount of land which he put into the partnership. To so hold would be to relieve Oldham of the consequences of his deception and to punish the other members of the partnership for an act of Oldham for which they were in no way responsible.

While the liability in question to Archer was technically one by the firm, yet, in truth, it was a liability of Oldham, because it was created by his own wrongful conduct in representing that he owned all of the land, whereas he only owned two-thirds of it. We do not think, in equity and good conscience, the claim of Mr. Oldham is maintainable. *Memphis Stone & Gravel Co.* v. *Archer,* 137 Miss. 570, 102 So. 390; *Medford* v. *Frazier,* 58 Miss. 241; and *Burns* v. *Dreyfus,* 69 Miss. at pages 213, 214, 11 So. 107, 30 Am. St. Rep. 539.

The judgment of the lower court will be affirmed.

*Affirmed.*