GRAY, et al. *v.* BUSBY, et al.

Nov. 2, 1953

No. 38908 41 Adv. S. 11 67 So. 2d 518

*Morse & Morse,* Jackson, for appellants.

*M. J. Peterson,* Jackson; *Frank Clark,* Waynesboro; *Brunini, Everett, Grantham & Quin,* Vicksburg and Jackson, for appellees.

McGEHEE, C. J.

This suit was filed by A. W. Gray, now deceased, as the original complainant, against the appellee U. L. Busby, Jr., and his mother Mrs. N. D. Busby, as heirs-at-law of U. L. Busby, Sr., deceased.

The bill of complaint seeks to have confirmed in A. W. Gray the title to an undivided one-half of the gravel under the land described as the NE¼ of NW¼ and the W½ of NE¼ of Section 26, Township 9 North, Range 8 West in Wayne County, Mississippi, and asks for an accounting as to one-half of the sale price of all gravel that had been removed from said land by or at the instance of the defendants, and for a decree against them therefor.

The estate of U. L. Busby, Sr., deceased, was not made a party to the suit and of course there could be no liability against his heirs-at-law for any gravel removed from the land prior to his death on March 18, 1950, if removed by him, his agents or employees.

Pursuant to a decree of the trial court so requiring, the defendants rendered an accounting under oath as to the amount and value of the gravel removed at their instance, and after a hearing on the accounting report and exceptions thereto the chancellor disallowed the exceptions and approved the report. There was no proof offered by the complainant to show that a greater quantity of gravel was removed by the defendants than the amount accounted for or that the gravel was worth more than 5¢ per cubic yard in place as allowed in the final decree appealed from.

However, the appellants, who are the heirs-at-law of the original complainant, A. W. Gray, Sr., deceased, who departed this life during the pendency of this appeal

here, contend that they are entitled to one-half of the sale price of all gravel removed by or at the instance of the defendants upon the theory that the same was removed in bad faith and in utter disregard of the known rights of the complainant, A. W. Gray, deceased.

The complainant and the defendants claim through Pat West, now deceased, as the common source of title. The complainant purchased in November 1938 from the said Pat West "one-half (½) interest in and to all gravel with sand in same, pitched as gravel, on all lands owned by me in the W½ of the NE¼ and the NE¼ of the NW¼ of Section 26, Township 9, Range 8, or in any other section, township or range adjoining said land owned by us." This deed is set forth in the bill of complaint as a part of the deraignment of title, and it does not show in what county or state the land is located. Nevertheless, in the preliminary decree which required the defendants to render an accounting as to the amount and value of the gravel removed, it was recited and adjudged that the complainant A. W. Gray, Sr., "is the owner of an undivided one-half interest in all gravel * * * in the (describing the land as being in Wayne County, Mississippi)" and the proof on the hearing of the accounting report and exceptions thereto disclosed that Pat West had formerly owned land in said county in these said governmental subdivisions. Moreover, no point is made on this appeal as to the sufficiency of the description contained in the gravel deed from Pat West to the complainant.

On the question of good faith, it was not shown that the defendants had actual knowledge that the complainant was claiming one-half of the gravel under and by virtue of this old instrument of writing, which was executed in November 1938, or that they had actual knowledge that the same was of record. They purchased the land several years later from the heirs-at-law of the said Pat West, deceased, and the conflicting evidence discloses that some of the neighbors had heard that A. W. Gray, Sr., was

claiming an interest in the gravel on the Pat West land and that other neighbors had not ever heard of such a claim, and that a former member of the board of supervisors who had purchased gravel from the land had been approached on one occasion by A. W. Gray, Sr., and was told by him that "I have got an interest in the Pat West gravel pit," and the supervisor replied "Well, what interest you mean?", and that Gray replied "Well, I get one-half of all I sell."

 We are therefore unable to determine that the chancellor was manifestly wrong in not adjudging the defendants to have been guilty of bad faith in the removal of the gravel in question, under all of the facts and circumstances of this case.

The complainant offered no proof whatsoever as to the value of the gravel in place. The testimony on behalf of the defendants discloses that gravel in place in that locality was bought and sold at 5¢ per cubic yard, that the defendants would receive for the gravel in question 35¢ per cubic yard for the same when loaded by the seller on trucks and $1.50 per cubic yard if loaded, hauled and delivered. The complainant was only entitled to receive the fair cash market value at which he could have sold the gravel in place. He was not entitled to one-half of the advanced value of the same as brought about by the labor done, and machinery furnished, by the defendants.

We are of the opinion that the decision of the chancellor was correct under the authority of Memphis Stone & Gravel Company, et al. v. Archer, 137 Miss. 558, 102 So. 390, and that the decree appealed from which awarded the complainant the sum of $521.06 as the value of one-half of the gravel in place, and taxed the cost equally against the complainant and defendants should be affirmed, there having been no cross-appeal taken therefrom.

Affirmed.

*Hall, Holmes, Arrington* and *Ethridge, JJ.,* concur.