## WARFIELD *vs.* CAMPBELL ET AL.

38   527
102  609

[BILL IN EQUITY TO ESTABLISH SET-OFF AGAINST JUDGMENT.]

1. *Lien of garnishment.*—A judgment creditor, who sues out process of garnishment against the judgment debtor of his debtor, acquires a lien by the service of the garnishment, which will prevail over an equitable set-off afterwards acquired by the garnishee against the judgment.

2. *Lien of attorney.*—An attorney-at-law has a lien on a judgment or decree recovered for his client, to the extent of his fees for services rendered in the cause, which will prevail over an equitable set-off afterwards acquired by the defendant.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. N. W. COCKE.

THE original bill in this case was filed, on the 25th July, 1859, by Hazael Warfield, against David L. Campbell and Mrs. Mary J. Witherspoon; and sought to set off the complainant's interest in a judgment which Mrs. Witherspoon had obtained against said Campbell, against a judgment which Campbell had obtained against him, on the ground that Campbell was insolvent. Campbell's judgment against Warfield was recovered in the city court of Mobile, on the 25th March, 1859, and was affirmed by this court, on appeal, at its June term, 1859.—See the case reported in 35 Ala. 349. Mrs. Witherspoon's judgment against Campbell was rendered on the 18th June, 1858; and in May, 1859, she authorized Warfield, in writing, to collect this judgment, and to reimburse himself out of the proceeds for money which he had previously paid on her account. In February, 1860, B. Labuzan and Stewart & Brooks filed their respective petitions in court, asserting a lien on the judgment obtained by Campbell against Warfield, to the amount of their fees for professional services rendered by them, as attorneys for Campbell, in procuring that judgment. In March, 1860, an amended bill was filed,

bringing in Woodruff & Huntington as defendants; they having obtained a judgment against Campbell on the 4th March, 1858, and a judgment against Warfield, as the debtor of Campbell, on the 13th January, 1860. Woodruff & Huntington sued out a garnishment on their judgment against Campbell, which was served on Warfield on the 25th March, 1859, the same day on which Campbell's judgment against him was rendered; and Warfield filed an answer, admitting the rendition of that judgment, but stating that he had sued out an appeal from it; and the judgment against him as garnishee, in favor of Woodruff & Huntington, was not rendered until after the determination of that appeal.

On final hearing, on pleadings and proof, the chancellor held, that Woodruff & Huntington's lien on Campbell's judgment against Warfield, to the extent of their judgment against Warfield as the debtor of Campbell, was superior to Warfield's equitable set-off against Campbell; and that the liens of Labuzan and Stewart & Brooks, respectively, to the amount of their fees for professional services as attorneys for Campbell, must also prevail over the equity asserted by Warfield; but, as to the residue of the judgment against Warfield, the insolvency of Campbell being admitted, he allowed Warfield's equitable set-off, and perpetually enjoined the collection of such residue. From this decree Warfield appeals, and here assigns as error that part of the decree which gave to Woodruff & Huntington, Labuzan, and Stewart & Brooks, respectively, a lien superior to his equity.

JNO. HALL, for appellant.—1. The insolvency of Campbell gives chancery jurisdiction of this case, and Warfield's equity is superior to that of Woodruff & Huntington.— *Railroad Company v. Rhodes*, 8 Ala. 206 ; *Duncan v. Vanderburgh*, 1 Paige, 622; *Gridley v. Garrison*, 4 Paige, 647.

2. An attorney has no lien upon a judgment obtained by him for his client, for his fees, or compensation for his services in the cause, beyond the taxed costs.—*Long v.*

Warfield v. Campbell et al.

*Lewis*, 2 Stew. & P. 229–34; *Pindar v. Morris*, 3 Caines, 165; *McFarland v. Crary*, 8 Cowen, 253; 1 Paige, 622; 4 Paige, 647.

P. HAMILTON, for Woodruff & Huntington.—1. The judgment against Warfield, as garnishee, concludes him from setting up any defense of which he might have availed himself at law.—22 Ala. 586.

2. Woodruff & Huntington's judgment against Warfield, although rendered after he acquired an interest in Mrs. Witherspoon's judgment against Campbell, relates back to the service of the garnishment.—*Langdon v. Raiford*, 20 Ala. 532; *Skipper v. Foster*, 29 Ala. 330. The equities being equal, that · must prevail which is prior in point of time.—2 Watts, 230.

GEO. N. STEWART, for the other defendants, cited *McDonald v. Napier*, 14 Georgia, 89; *Pope v. ' Armstrong*, 3 Sm. & M. 214; *Andrews v. Morse*, 12 Conn. 444.

A. J. WALKER, C. J.—The appellant by his bill asked to set off a part of a judgment wherein Mrs. Witherspoon is plaintiff and David L. Campbell defendant, against a judgment of Campbell against himself. Of the judgment in favor of Mrs. Witherspoon, he claimed to be the equitable owner to the extent of $1071 61. The set-off was allowed, except as to a part of Campbell's judgment on the appellant, sufficient to discharge certain bills of cost, a judgment of Woodruff & Huntington, and the fees of counsel who procured the judgment of Campbell against the appellant. The argument here attributes to the chancellor an error only in restricting the set-off so as not to cover an amount sufficient to pay the judgment of Woodruff & Huntington and the counsel fees above specified.

Did Woodruff & Huntington, and the counsel of Campbell, have a right of satisfaction out of the judgment.of Campbell against appellant, prior and superior to the right of the appellant to have Campbell's judgment against him

34

satisfied, by setting off against it his interest in the judgment of Mrs. Witherspoon against Campbell? Before this question can be decided, it must be ascertained at what time the interest of the appellant in the judgment against Campbell accrued. On the 19th May, 1859, Mrs. Witherspoon in writing authorized the appellant to collect her judgment on Campbell, and to retain such an amount as would reimburse him certain sums paid out by him for her. This transaction gave rise to the appellant's equitable interest in the judgment upon Campbell. It is true that, before that time, and on the 10th day February, 1859, the appellant paid for Mrs. Witherspoon certain sums of money, and he expected to reimburse himself from the money which might be collected from Campbell; but it is not alleged that Mrs. Witherspoon then authorized the appellant so to reimburse himself, or in any way transferred an interest in the judgment to him. Besides, if the appellant had, on the 10th February 1859, acquired an interest in the judgment corresponding with the sums then paid by him for Mrs. Witherspoon, the question would not be changed. For the sums so paid on the 10th February, 1859, were so small that, after the reimbursement of them to the appellant out of the judgment on Campbell, there would remain more than enough of that judgment to satisfy Woodruff & Huntington and the counsel fees above stated. It is certain, therefore, that the appellant did not acquire any interest, which would conflict with the claims of Woodruff & Huntington and the counsel of Campbell, until the 19th May, 1859.

The judgment of Campbell against the appellant was rendered on the 25th March, 1859; and on the same day a garnishment was issued in favor of Woodruff & Huntington, judgment creditors of Campbell, against the appellant, as Campbell's debtor, which garnishment was answered by appellant on 5th April, 1859. Afterwards, and in January, 1860, Woodruff & Huntington obtained judgment against the appellant, as the defendant in garnishment. This judgment the appellant sought by his bill to perpetually

enjoin, upon the ground that his equitable right of set-off was superior to Woodruff & Huntington's claim to a satisfaction of their judgment upon Campbell, out of the judgment of Campbell against the appellant.

[1.] By the garnishment, which was issued and answered before the appellant acquired his equitable set-off, Woodruff & Huntington obtained a lien, *pro tanto*, upon the debt due Campbell (their debtor) by the appellant. This lien would arise upon the service of the garnishment. It certainly attached in this case upon the filing an answer, which was a waiver of service. *Crawford v. Clute & Mead,* 7 Ala. 157; *Dove v. Dawson,* 6 Ala. 712; *Skipper v. Foster,* 29 Ala. 330. The garnishment gave to the creditors of Campbell a lien upon the judgment of their debtor against the appellant; and the appellant could not defeat it by acquiring afterwards a set-off. The chancellor therefore committed no error in giving precedence to the lien of Woodruff & Huntington over the appellant's set-off.

[2.] The remaining question to be examined is, whether the charges of Campbell's counsel, in procuring the judgment against the appellant in favor of Campbell, were entitled to satisfaction out of that judgment, in preference to the appellant's claim to have it appropriated to the judgment of Mrs. Witherspoon on Campbell. Besides the lien on papers, and upon funds collected, an attorney has a lien upon the judgment or decree recovered, for the services rendered in procuring such judgment or decree.—Cross on Lien, (32 Law Library,) 218 ; Montague on Lien, 53, 57; 2 Kent's Com. 641; Story on Agency, 507, § 383; *Ward v. Wordsworth,* 1 E. D. Smith, 598; *Turwin v. Gibson,* 3 Atk. 720 ; *Rooney v. Second Avenue Railroad Company,* 18 N. Y. (4 Smith,) 368; *Wilkins v. Batterman,* 4 Barb. 47 ; *Mitchell v. Oldfield,* 4 Term, 123.

In England, the legal profession has the two distinct departments of attorneys and advocates. Of the advocates there are two species, barristers and sergeants. In theory, the services of advocates are gratuitous, and their fees are *quiddam honorarium.* The attorney's fees are the only

charges which are actionable, or legally coercible. These are taxed as a part of the cost. It was a necessary consequence, that the attorney's lien applied alone to taxed cost. As there were no other charges cognizable by the courts, it was simply impossible to farther extend the lien. It is intimated by expressions made *arguendo* in *Long v. Lewis*, (1 St. & P. 229,) that the lien here can have no greater extent than the taxed cost, notwithstanding the principle of the common law is here repudiated, and the charges of counsel are with us the subject of contract, and, like charges for services in other departments of business, capable of enforcement in the legal tribunals. And many decisions in American courts deny the existence of any lien, where there is no taxation of costs on account of the attorney, and restrict it to the cost, where its taxation is authorized by law.—Ex parte *Kyle*, 1 Cal. 331 ; *Mansfield v. Dorland*, 2 *ib.* 507 ; *Ocean Ins. Co. v. Ryder*, 22 Pick. 210 ; *Wright v. Cobleigh*, 4 N. H. 339; *Currier v. Boston & Maine Railroad*, 37 N. H. 223 ; *Hall v. Brinkley*, 10 Ind. 102, 18 U. S. Digest, 91, § 43 ; *Davenport v. Ludlow*, 4 How. Pr. R. 337; *Benedict v. Harlan & Wendell*, 5 *ib.* 347 ; *Walton v. Dickerson*, 3 Barr, 376.

We think these decisions proceed upon an incorrect view of the reason upon which the lien is restricted in England to the taxed costs. It was so restricted, because there was no right to legal coercion for the collection of any fees, save those taxed as a part of the cost. That reason failing, the result flowing from it ought also to fail. The attorney's lien was allowed, not because his costs were taxed ; but it is founded in the natural equity which forbids that a party should enjoy the fruits of the cause, without satisfying the legal demands of his attorney. *Wilkins v. Carmichael*, Douglass, 100 ; Cross on Lien, 28 ; *Rooney vs. Second Avenue Railroad Co., supra.* The taxed costs of the attorney, in England, had no merit or justice superior to the claim of counsel for a reasonable compensation in this day and country; nor did the former contribute more to the success of the party he represented, than

does the latter under our system. Every reason, therefore, upon which the lien was founded in England, applies to the counsel fees in this country; and, therefore, the lien should be incorporated in our jurisprudence, as a security for the compensation of counsel.

When the taxation of attorney's cost was abandoned in New York, and the rate of compensation was left by the law to be governed by contract, Judge Shankland and Judge Willard decided, that the lien no longer existed in that State.—*Davenport v. Ludlow*, *supra*; *Benedict v. Harlan & Wendell*, *supra*. But the question afterwards arose in the court of common pleas, and in the court of appeals of New York; and in both cases the decisions of Judge Shankland and Judge Willard were reviewed, in arguments which, it seems to us, conclusively refuted their reasoning, and the lien was allowed.—*Ward v. Wordsworth*, *supra*; *Rooney v. Second Avenue Railroad Co.*, *supra*. In other States, numerous cases are to be found, in which a lien in favor of counsel has been allowed, for the security of charges not taxed as cost.—*Pope v. Armstrong*, 5 S. & M. 214; *McDonald v. Napier*, 14 Geo. 89; *Carter v. Bennett*, 6 Florida, 214; *Andrews v. Morse*, 12 Conn. 444.

While we cannot affirm that there is any preponderance of authority in favor of the proposition, that the attorney's lien extends to the fees of counsel not embraced in the taxed costs, we feel constrained to maintain that proposition, because it best comports with the principle of justice out of which the attorney's lien sprung.

Upon the question, whether the attorney's lien is superior or subordinate to the defendant's right of set-off, there was in England, and is in this country, a singular contrariety of decision. Upon that question the courts of common bench and chancery, and the court of king's bench in England, and Chancellor Kent and Chancellor Walworth, in New York, ruled differently.—*Vaughn v. Davis*, 2 H. Bla. 440; *Mohawk Bank v. Burrows*, 6 Johns. 317; 2 Kent's Com. (marg. p.) 641: *Nicoll v. Nicoll*, 16 Wend. 446; Story on Agency, § 383; *Duncan v. Vanderburgh*, 1 Paige, 622;

*Potter v. Lane*, 8 Johns. R. 359 ; *Gridley v. Garrison*, 4 *ib.* 646. It is not necessary that we should consider it in this case. The set-off, as to which the controversy arises in this case, was acquired after the rendition of the judgment. To such a set-off it is plain that the attorney's lien must be superior, whatever may be the rule as to a set-off existing when the judgment is rendered. The authorities, which are above cited in this opinion, show that the attorney is regarded as an assignee of the judgment, at least at the date of its rendition, to the extent of his fees. Being an assignee at that date, he has an older equity than that acquired by a set-off of later acquisition ; and the maxim, "*qui prior est in tempore potior est in jure,*" applies in his favor.

The appellant has other matter of set-off against Campbell, which we have not noticed in this opinion, because its date is subsequent to the judgment of Campbell, and it is therefore controlled by the principles which we have announced.

Decree affirmed.