## *Ex parte* Lehman, Durr & Co.

### *Application for Mandamus.*

1. *An attorney has a lien on a judgment in favor of the client for his fee.* An attorney at law or a solicitor in chancery has a lien upon a judgment or decree obtained for a client to the extent of the compensation agreed on; or if there be no agreement, to the extent to which he is entitled to recover reasonable compensation of the client for the services rendered.

[Ex parte Lehman, Durr & Co.]

2. *Prior to the statute, there was no legal right to set off one judgment against another.*—Prior to the statutes authorizing a set-off of judgments in courts of law, their interference for that purpose was subject to equitable considerations; and the set-off would not be allowed in violation of the right of an assignee of a chose in action. There was, then, no strict legal right to set-off one judgment against another.

3. *The lien of an attorney is an assignment of the judgment to the extent of his fee.*—The lien of an attorney or a solicitor rests on the theory that he is to be regarded as an assignee of the judgment or decree, to the extent of his fee, from the date of the rendition of the judgment, or decree, and is subject to all set-offs existing against it at the time.

BEFORE the Supreme Court.
The facts are contained in the opinion.

SAMUEL F. RICE, for petitioners.—1. The only important question in this case is as to the petitioners' remedy by *mandamus*. The right to set-off judgments in the same court is a legal right.—Code, 1876, § 2993—and this must be done on motion.

2. If the order overruling the motion to set-off be a final judgment from which an appeal would lie, the remedy is not adequate. It is not enough that a party has another legal remedy to debar him from having a *mandamus*. To have this effect there must be an adequate and specific legal remedy otherwise than by *mandamus*.—7 Port. 47.

3. But the right of set-off in this case is a legal right and the petitioners are entitled to enforce this legal right by legal remedies. An appeal is no adequate remedy; *mandamus* is therefore the proper remedy to enforce their rights.—2 Brick. Dig. 240, § 5.

4. The attorney of Shook could have no greater right than he had, and could give, at the time of the contract. When the contract was made the petitioners already had a judgment against Shook. The assignee of any judgment, Shook might obtain against the petitioners, took it with subject to the petitioners' right of set-off. He would stand "in his shoes." The party seeking the set-off has a legal right older than that asserted by the attorneys.— *Warfield v. Campbell*, 38 Ala. 533, does not militate against this position.

BRICKELL, C. J.—We regard it as settled in this State, by the decision in *Warfield v. Campbell*, 38 Ala. 527, that an attorney at law, or solicitor in chancery, has a lien upon a judgment, or decree, obtained for a client, to the extent of the compensation the client has agreed to pay him; or, if there has been no specific agreement for compensation, to the extent to which he is entitled to recover of the client—

[Ex parte Lehman, Durr & Co.]

reasonable compensation for the services rendered. We dissent from, and disapprove the suggestion in *McCaa & Foster v. Grant*, 43 Ala. 262, that the principle stated in this case, " needs limitation, before it can be regarded as settled law, and a rule of decision in all the courts of this State, in the language in which the opinion is announced." The opinion bears on its face, convincing evidence, that it was pronounced on full argument—thoroughly and deliberately considered, after an examination of the authorities, and is fortified by a chain of reasoning which seems to us irresistible. The relation of attorney and client, must have been often formed in view of the principle it announces, and its conclusiveness as authority, ought not to be disturbed or lessened unless it can be shown to be wrong, and that evil and inconvenience result from it.

The precise question now presented, whether the lien of an attorney, or a solicitor, is superior, or subordinate to the right of a defendant in the judgment, or decree, to set-off a judgment against the plaintiff, which the statute secures, was not considered in *Warfield v. Campbell*. The court was considering and passing upon the superiority or subordination to the attorney's lien, of an equitable set-off, acquired by the defendant, after the rendition of judgment, and after the lien had attached. Remarking, that the question now presented, is embarrassed by a singular contrariety of decision in this country, and in England, the court say, there was no necessity for the consideration of it, as the set-off in that case having been acquired after the rendition of judgment, the lien of the attorney must prevail over it, whatever may be the rule as to a set-off existing when the judgment is rendered.

Judgments were not originally within the letter of the statutes of set-off. The practice of courts of common law in setting off one judgment against another, was derived from their general jurisdiction over their suitors. It was as is said by SPENCER, J., in *Simson v. Hart*, 14 Johns. 75, " the exertion of the law of the courts, rather than any known, express, and delegated power." The interference was not *ex debito justitiæ*, but *ex gratia curiæ*. In *Simpson v. Lamb*, 40 Eng. Law & Eq. 63, it was said by ERLE, J.: " An application for leave to set-off one judgment against another is always subject to equitable considerations which courts of law have always regarded in these cases; and the rule has usually been acted upon, not to allow the set-off in violation of the right of an assignee of a chose in action."

In the same case, it was said by Lord CAMPBELL : " A party has no strict legal right to set-off one judgment against another."—See also, *Holmes v. Robinson*, 4 Ohio, 91 ;. *Burns v. Thornburgh*, 3 Watts, 78 ; *Boyer v. Clark*, 3 Neb. 161. A suitor applying to the equitable power of the court, to set-off one judgment against another, it may have been equitable and just that the court should consider and protect the right and equity of the attorney its own officer, and have allowed the set-off only for the balance remaining, after the satisfaction of his lien, and this course of practice is perhaps supported by the weight of authority.

The statute of set-off now declares that "judgments in the same court may be set-off against each other, by the court on motion."—Code of 1876, § 2993. The power to set-off judgments is now *known, express, and delegated*. The right of set-off, is *ex debito justitiæ*, a clear legal right, not dependent on the *grace of the court;* and in allowing it, the court can not indulge mere equitable considerations.—*Nicoll v. Nicoll*, 16 Wend. 446. The lien of an attorney, or of a solicitor, rests on the theory, that he is to be regarded as an assignee of the judgment or decree, to the extent of his fees, from the date of the rendition of the judgment or decree. *Warfield v. Campbell, supra.* The assignee of any contract, or writing, the evidence of a debt, other than commercial paper, takes it subject to all set-offs existing at the time of the assignment.—Code of 1876, § 2100.

The relators in a suit commenced by attachment in Etowah Circuit Court, on the 13th March, 1873, on a pre-existing demand, recovered on the 24th September, 1874, judgment against Shook for $2,357.00, besides costs. On the 24th day of April, 1878, Shook recovered in the same court, judgment against the relators for three hundred and fourteen 60-100 dollars, besides costs. At the same term, at which the latter judgment was rendered, the relators moved to set-off so much of their judgment against Shook, (which was unpaid), as would extinguish the principal (exclusive of costs) of his judgment against them. The attorneys of Shook intervened, and resisted the motion, on the ground that they had a lien on the judgment in favor of their client for their fees, which exceeded the amount of the judgment. The Circuit Court was of opinion the lien was superior to the relator's right of set-off, and refused the motion. The court was in error, and a rule *nisi*, must be awarded requiring the Circuit Court to vacate the order disallowing the·

set-off, or to show cause at the next term, why a peremptory *mandamus* should not issue.