EDWARD BURNS ET AL. *v.* SOL. DREYFUS ET AL.

1. TENANT IN COMMON. *Incumbrance. Priority.*

    The right of one tenant in common of land, upon partition, to charge the interest of his co-tenant with the payment of what may be due on an accounting as to receipts and disbursements concerning the common estate, does not entitle him to priority over a *bona fide* incumbrancer of the interest of such co-tenant.

2. INJUNCTION. *Dissolution. Damages. Code* 1880, § 1918.

    On dissolution of an injunction obtained to restrain a sale under a trust-deed, statutory damages should be allowed under code 1880, § 1918, notwithstanding the granting of an appeal with *supersedeas* to settle the principles of the case.

FROM the chancery court of the first district of Hinds county.

HON. H. C. CONN, Chancellor.

John W., Edward and Elizabeth Burns were tenants in common of certain real estate in the city of Jackson. John W. Burns had possession of the property for several years, and received and appropriated the rents. Thereafter he gave to Dreyfus & Ascher a trust-deed on the property, not specifying the extent of his interest, to secure the payment of a debt he owed them. On default in the payment of the debt, the trustee, in pursuance of a power of sale, advertised the interest of said John W. Burns in the property to be sold. Thereupon, the other tenants in common filed the bill in this case making Dreyfus & Ascher and their trustee and the said John W. Burns parties defendant, praying for a sale of the common property for partition, and asking that a lien be decreed in their favor on the interest of John W. Burns for the amount to be found due them on an accounting in respect to receipts and disbursements, and that this should be given priority over the lien of the trust-deed. An injunction was asked

and obtained to restrain the sale under the trust-deed. Dreyfus & Ascher answered, denying the equity of the bill and asserting priority of their claim under the trust-deed as to a one-third interest in the property. They made a motion to dissolve the injunction, which was heard and decided in vacation. On the hearing of the motion, they asked an allowance of five per cent. on the amount of the debt secured by the trust-deed and a reasonable solicitors' fee, as damages. On this motion, testimony was taken showing that John W. Burns was insolvent, and that he had appropriated the rents. A decree was entered modifying the injunction so far as to allow the trustee in the deed to proceed and sell the interest of the said John W. Burns to pay the debt due Dreyfus & Ascher. From this decree the complainants appealed, the chancellor allowing a *supersedeas;* and Dreyfus & Ascher prosecuted a cross-appeal from so much of the decree as refused to grant them damages on dissolution of the injunction. The opinion contains a further statement of the case.

*E. E. Baldwin,* for appellants, Edward Burns *et al.*

The statute provides that in partition all equities shall be adjusted. Code 1880, § 2576.

A tenant in common has a lien on the interest of his cotenant for a proportionate part of the rents collected and appropriated by the latter. *Kingsland* v. *Chetwood,* 39 Hun. (N. Y.), 602; *Hannan* v. *Osborn,* 4 Paige (N. Y.), 336; *Scott* v. *Guemsey,* 60 Barb., 163; *Metcalf* v. *Hoopingarden,* 45 Iowa, 510.

By the very terms of their deed in trust, Dreyfus & Ascher took only the real interest of John W. Burns in the property. He was in possession, and they are to be considered as having taken the trust-deed, looking to the possibility of a lien in favor of the co-tenants. The lien of the co-tenants was paramount to that of the trust-deed, Dreyfus & Ascher having taken their incumbrance charged with notice of a possible lien in favor of the other co-tenants.

*M. M. McLeod,* for appellees, Dreyfus *et al.*

1. Conceding that John W. Burns converted the rents, the co-tenants had an ample remedy by action at law against him for their proportion.

2. There is no proof in this case that Dreyfus & Ascher had any notice of the alleged equity of complainants until long after their trust-deed was taken, and hence their claim is paramount.

3. The modification of the injunction in this case operated as a dissolution, so far as Dreyfus & Ascher were concerned, and they were entitled to damages. Code 1880, § 918; 61 Miss., 451. Granting complainants an appeal with *supersedeas* after dissolving the injunction was tantamount to a continuance of the injunction. In this the court erred.

COOPER, J., delivered the opinion of the court.

We recognize to its full extent the equitable principle that in the partition of lands held in common the court will, in the division of the property, or of its proceeds, if indivisible, and therefore sold for partition, do full justice between the co-tenants by directing accounts to be taken of receipts and disbursements by them, and will so apportion the fund as to do complete equity. This rule of equitable administration is frequently spoken of as a "lien" in favor of one co-tenant against the interest of the other, but it has never, so far as we are advised, been held to be entitled to priority over the right of a *bona fide* purchaser or incumbrancer of the interest of one co-tenant in the common estate.

The contention of the complainants is, that a purchaser of the interest of one tenant in common takes his estate subject to the right of the other co-tenants to subject it to whatever may, on a final accounting, be found due to them from his vendor. If there is any authority for this position, we have not been referred to it, and we know of none. Certainly the cases cited by counsel do not support his contention, and, so far as we can see, have no relevancy to the point. It would

require many cases to constrain us to yield our assent to the proposition contended for. We do not believe one can be found, and we approve the decree of the chancellor in so far as it is presented by the appeal of complainants. On dissolution of the injunction, the defendants, Dreyfus & Ascher, were entitled to the statutory damages as provided by § 1918 of the code.

*The decree must, to that extent, be reversed, and the court below directed to award damages as indicated.*