W. H. MORGAN *v.* BLANCHE LONG ET AL.

1. TENANT IN COMMON. *Adverse possession. Agricultural products. Right of purchaser.*

A purchaser from a tenant in common of agricultural products grown on land of which such tenant is in adverse possession, is not liable to account to his co-tenants for the value of such products, although he knew when he bought them of the interest of the co-tenants in the land.

2. SAME. *Partition. Incumbrance. Priority.*

The right of one tenant in common, upon partition, to charge the interest of his co-tenant with the payment of what may be due on

an accounting as to receipts and disbursements concerning the common estate, does not entitle him to priority over a *bona fide* incumbrancer of the interest of such tenant. *Burns* v. *Dreyfus*, 69 Miss., 211.

FROM the chancery court of Leflore county.

HON. A. H. LONGINO, Chancellor.

This was a proceeding brought by the appellees for a partition of the lands in controversy, in which they owned an undivided one-fourth interest, and an accounting as to rents. The bill shows that the defendant, Mrs. McHenry, owned a three-fourths interest in the land, and was, and had been for some years, in the adverse possession of the whole tract. It further averred that during such adverse possession a considerable part of the agricultural products had been turned over to the appellant, Morgan, who held a deed of trust on the three-fourths interest of Mrs. McHenry to secure a debt of some magnitude. It averred that at the time Morgan received these agricultural products he had notice that the complainants were co-tenants in the land with Mrs. McHenry, and that the rents due to them had not been paid. It prayed for a general accounting as to rents with Mrs. McHenry, and that Morgan be required to account for the value of such of the agricultural products as he had received, to the amount of their rent claim; that complainants be decreed to have a lien for the rents found due to them, and that Morgan's deed of trust be subordinated thereto.

The bill was demurred to by the appellant on the following grounds: (1) That he was not accountable for any agricultural products raised on the lands; (2) that his deed of trust had priority over complainant's rent claim, and could not be properly subordinated thereto; (3) that complainants were entitled to no relief as to him.

The demurrer was overruled, and this appeal prosecuted.

*L. P. Yerger*, for the appellant.

The bill shows that the agricultural products received by

Morgan from Mrs. McHenry were received while she was holding all of the land and its rents and profits adversely. Under such circumstances, she could legally dispose of the agricultural products, and Morgan could legally buy them. Freeman on Co-tenancy, § 285; *Terrill* v. *Murray*, 2 Yer. (Tenn.), 389; 11 Am. & Eng. Enc. L., p. 1103; 1 Washb. on Real Prop. (2d ed.), § 420, art. 16. That Morgan did buy them, and fairly and in good faith, is to be understood from the omissions of the bill, which avers merely that he received and appropriated them to his own use. Pleadings are to be taken most strongly against the pleader. *Clary* v. *Lowry*, 51 Miss., 879; George's Dig., p. 879, §§ 504 and 505.

The allegation that the appellees had a lien on the crops raised is not a matter of fact, but a mistaken conclusion of law. Any claim that they have against Mrs. McHenry for use and occupation of the land is a simple contract debt. At all events, it has no priority over the trust deed of the appellant upon her interest in the land. *Burns* v. *Dreyfus*, 69 Miss., 211; *Newbold* v. *Smart*, 67 Ala., 326; *Bird* v. *Bird*, 15 Fla., 424; 11 Am. & Eng. Enc. L., p. 1099. There is no intimation in the bill that Morgan was not a *bona fide* incumbrancer of the three-fourths interest in the land.

*W. T. Rush*, for the appellees.

Where a party receives property, knowing at the time that the person from whom he receives it does not own the entire beneficial interest, it would seem that he should be made to account to the proper party. If the proof should show that the rent was payable in cotton, he who received the proportionate part of the appellees' should be required to account as much as if he had received a horse, or any other property, in which they owned an interest. Freeman on Co-ten. & Part., §§ 308, 311; 11 Am. & Eng. Enc. L., p. 1090. The purchaser would become co-tenant with the other tenants in common. *Sims* v. *Dame*, 15 N. E. Rep., 217.

On the subject of accounting between complainants and defendants, see *Carmichael* v. *Hunter*, 4 How. (Miss.), 308; *Medford* v. *Frazier*, 58 Miss., 241; *Johns* v. *Williams & Black*, 66 *Ib.*, 355; *Wathen* v. *Glass*, 54 *Ib.*, 382; *Robinson* v. *Burritt*, 66 *Ib.*, 359; 32 N. Y. S., 1069 (85 Hun, 226); 155 Ill., 84; 11 Am. & Eng. Enc. L., p. 1098.

The complainants are not seeking to displace Morgan's trust deed on Mrs. McHenry's undivided interest in the land, but merely to hold him as trustee for the property or proceeds thereof he received with full notice from Mrs. McHenry, who, as co-tenant, occupied the relation of trustee to complainants. *Harrison* v. *Harrison*, 56 Miss., 174, 180; Am. Dig. (1895), p. 4402, § 39; 15 Pa. St., 506; *Isom, Treasurer*, v. *First National Bank*, 52 Miss., 915. The case of *Burns* v. *Dreyfus*, 69 Miss., 211, has no application to the case at bar by reason of this distinction.

COOPER, C. J., delivered the opinion of the court.

In no aspect of the pleadings can it be said that the complainants have made Morgan a defendant to their bill that an account may be taken as between him and Mrs. McHenry to the end that complainants may redeem the land, upon which they may fix a charge for the rents collected by their co-tenant, Mrs. McHenry. He is made defendant for the purpose only of charging him with the value of the rents received by Mrs. McHenry and paid over to him. To this liability he is not subject. The rents collected by Mrs. McHenry were taken by her, as the bill distinctly avers, under an adverse claim, and not in recognition of the right of complainant's ancestor to participate therein. A purchaser of agricultural products grown on land in the adverse possession of another, is not liable to account to the true owner of the land for the value of such products, even though he knew at the time he bought them of the want of title to the land of the occupant and who was the real owner of the land. In other aspects this

case is covered by the decision in *Burns* v. *Dreyfus*, 69 Miss., 211.

*The decree is reversed, the demurrer of appellant sustained, and, as to him, the bill is dismissed.*