Ex parte COOPER et al. (8 Div. 732.)

(Supreme Court of Alabama. March 19, 1925.)

1. Judgment ⊕⇒883(1) — Set-off of mutual judgment is clear legal right.

Under Code 1923, § 10175, set-off of mutual judgments is clear legal right not dependent on grace of court nor on general considerations of equity.

2. Attorney and client ⊕⇒184—Right of set-off against lien judgment acquired after attorney's lien attaches is subordinate thereto.

Right of set-off against lien judgment acquired after lien of attorney has attached is subordinate to latter lien and cannot prevail against it.

3. Attorney and client ⊕⇒184—Fact that plaintiff's judgment claimed as set-off was on debt antedating defendant's judgment held not to give it priority over attorney's lien.

Fact that plaintiff's judgment against defendant was founded on debt which antedated defendant's judgment against plaintiff did not impart to it priority over attorney's lien on defendant's judgment, mere existence of plaintiff's claim giving him no such right, it not being available under Code 1923, § 10175, whatever remedy he may have had in equity on proper showing.

4. Attorney and client ⊕⇒184—Status of plaintiff's judgment as complete set-off to defendant's judgment not improved because debt claim bore relation to suit in which lien judgment was recovered against him.

Fact that plaintiff's judgment against defendant was founded on debt included in defendant's judgment against plaintiff did not impart to it priority over attorney's lien on judgment, status of plaintiff's judgment not being improved by fact that debt claim on which it was founded bore some relation to detinue suit in which lien judgment was recovered against him.

5. Attorney and client ⊕⇒184—Principle of priority of attorney's lien being superior to right of set-off against lien judgment held applicable regardless of statute.

Principle that right of set-off against lien judgment acquired after lien of attorneys has attached is subordinate to latter lien is applicable, regardless of Code 1923, § 6262.

Petition of Lawrence Cooper and George P. Cooper for mandamus to Hon. James E. Horton, Jr., as Judge of the Eighth Judicial Circuit. Writ granted.

The proceeding is by original petition for mandamus to require the circuit judge of the Eighth judicial circuit to vacate an order setting off two judgments against each other, and denying relators' petition to establish and enforce their statutory attorney's lien for $500 on one of these judgments.

It appears that the relators, Cooper and Cooper, represented Henry Yancey and wife as their attorneys in a detinue suit in which they were defendants and W. H. Denham was plaintiff; and the judgment having gone against the plaintiff, and he having replevied the property sued for, and having failed to deliver it to the defendants as required by his bond, the bond was declared forfeited, and judgment was rendered thereon against Denham and in favor of the Yanceys for $950, on October 21, 1921. Thereafter Denham sued the Yanceys on promissory notes given for the purchase money for the property which was the subject of said detinue suit; and on May 30, 1923, Denham recovered a judgment in said suit for $1,125. On June 3, 1923, Denham filed his motion in the circuit court to set off his judgment against the Yanceys' judgment. On July 18, 1924, the relators filed their petition in said court to ascertain and establish their attorney's lien on the judgment of Yancey v. Denham, and to have it condemned pro tanto in satisfaction thereof. And on July 28, 1924, they filed their answer to Denham's set-off mo-

---

tion, asserting the superiority of their said lien. The motion and the petition were consolidated and heard as one cause, and an order was made allowing the set-off and subordinating relators' lien thereto.

The petition herein is to set aside that order.

Cooper & Cooper, of Huntsville, for relators.

Mandamus is the proper remedy in this case. Ex parte Lehman-Durr & Co., 59 Ala. 631. The attorney's lien is superior to a set-off acquired after the rendition of the judgment. 2 R. C. L. 1083; Warfield v. Campbell, 38 Ala. 527, 82 Am. Dec. 724. The two judgments sought to be set off are independent, and the statute does not apply. Code 1907, § 5861.

Watts & White and R. C. Brickell, all of Huntsville, for respondent.

The entire litigation out of which the two judgments resulted arose out of the same transaction, and the equities of the parties are superior to the lien of the attorneys. 6 C. J. 406. The right of set-off is legal and unqualified. Ex parte Lehman-Durr & Co., 59 Ala. 631.

SOMERVILLE, J. [1] Prior to the statute (Code 1852, § 2242, now section 10175 of the Code of 1923) declaring that "judgments may be set off against each other by a court of record on motion," such set-offs were not demandable as of right, but were granted ex gratia curiæ, subject always to equitable considerations. Ex parte Lehman, Durr & Co., 59 Ala. 633; 34 Corp. Jur. 704, § 1085.

"This power formerly belonged exclusively to courts of equity, and of course still continues in them; but it has long been recognized as one which may be exercised equally by courts of law, proceeding on equitable principles." 34 Corp. Jur. 701, 702.

The effect of our statute was to make the set-off of mutual judgments "a clear legal right, not dependent on the grace of the court," nor upon general considerations of equity. Ex parte Lehman, Durr & Co., 59 Ala. 631, 634.

In Warfield v. Campbell, 38 Ala. 527, 533, 534, 82 Am. Dec. 724, decided in 1863, it was said:

"Upon the question, whether the attorney's lien is superior or subordinate to the defendant's right of set-off, there was in England, and is in this country, a singular contrariety of decision. * * * It is not necessary that we should consider it in this case. The set-off [a judgment], as to which the controversy arises in this case, was acquired after the rendition of the judgment [carrying the attorney's lien]. To such a set-off it is plain that the attorney's lien must be superior, whatever may be the rule as to a set-off existing when the judgment is rendered. The authorities, which are above cited in this opinion, show that the attorney is regarded as an assignee of the judgment, at least at the date of its rendition, to the extent of his fees. Being an assignee at that date, he has an older equity than that acquired by a set-off of later acquisition; and the maxim, 'Qui prior est in tempore potior est in jure,' applies in his favor."

In Ex parte Lehman, Durr & Co., 59 Ala. 631, decided in 1877, the judgment upon which its procuring attorneys unsuccessfully asserted their lien was rendered nearly *four years* after the rendition of the judgment in favor of the relators, presented for set-off against it; and the principle of the decision was that the attorneys, as equitable assignees of the judgment to the exent of their lien, took it "subject to all set-offs existing *at the time of the assignment.*" (Italics supplied.) The court, per Brickell, C. J., said:

"The precise question now presented, whether the lien of an attorney, or a solicitor, is superior, or subordinate to the right of a defendant in the judgment, or decree, to set off a judgment against the plaintiff, which the statute secures, was not considered in Warfield v. Campbell. The court was considering and passing upon the superiority or subordination to the attorney's lien, of an equitable set-off acquired by the defendant, *after the rendition of judgment, and after the lien had attached.*" (Italics supplied.)

This statement clearly differentiates the two cases, and leaves unimpaired the principle applied in Warfield v. Campbell, supra.

In McWilliams v. Jenkins, 72 Ala. 480, 487, speaking of the nature of an attorney's lien, it was said:

"It is consequently subordinate to all counterclaims, or set-offs, *existing at the time*, including, of necessity, such as are allowed *prior to the rendition* of the judgment." (Italics ours.)

This limitation of *superior* set-offs to those existing *when the lien judgment is* rendered is also stated in Higley v. White, 102 Ala. 604, 609, 15 So. 141.

[2] We think it is clearly settled by our decisions, in harmony with the leading case of Warfield v. Campbell, 38 Ala. 527, 82 Am. Dec. 724, that a right of set-off against the lien judgment, acquired after the lien of the attorneys has attached is subordinate to the lien, and cannot prevail against it. See, also, 6 Corp. Jur. 793, § 405, where the decisions generally are cited.

[3] The only question remaining in this case is: Does the fact that Denham's judgment against the Yanceys was founded on a debt which antedated the Yanceys' judgment impart to it priority over the attorney's lien? We can find no merit in the contention that it does. After the Yanceys recovered their judgment, Denham had no right to set-off against it until he recovered his judgment. The mere existence of his claim gave him

no such right, and it was not available for set-off under the statute, whatever remedy he may have had in equity upon a proper showing in that forum.

[4] Nor can the relative status of Denham's judgment be improved by the consideration that the debt claim upon which it was founded bore some relation to the detinue suit in which the lien-judgment was recovered against him. The relation was entirely superficial, and the respective judgments were wholly independent of each other —the lien judgment being founded on the independent tort of Denham—and cannot be treated as a unit of litigation.

[5] We have not adverted to the statute (Code 1923, § 6262; Code 1907, § 3011), which now gives to attorneys a specific legal lien "superior to all liens but tax liens," since the principle of priority above announced is applicable regardless of the effect of the statute.

It results that the order and judgment of the circuit court is erroneous, and should be set aside, and that relators are entitled to the relief prayed.

The writ of mandamus will accordingly be issued to the respondent judge, as prayed, unless, when advised of this opinion, he shall proceed in accordance therewith.

Writ granted, provisionally.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.