PENNINGTON *v*. PURCELL.*

(Division B.   Jan. 3, 1927.   Suggestion of Error Overruled March 14,
1927.)

[110 So. 789.   No. 26066.]

1. TENANCY IN, COMMON.  *Cotenant does not have lien for use and oc-
cupation of adverse cotenant until impressed by decree.*

   Cotenant does not have lien for use and occupation of adverse co-
   tenant until impressed by decree of court.

2. LIS PENDENS.  *Deed of trust on undivided interest given pending
partition proceedings held superior to cotenant's lien for use and
occupation by subsequent decree.*

   Deed of trust on undivided interest in land, given after filing of
   petition for partition, ·held prior and superior to cotenant's lien
   for use and occupation subsequently impressed against land by
   decree of court.

3. LIS PENDENS.  *Title of purchaser under sale for costs of partition
proceeding held subject to deed of trust given pending proceed-
ings.*

   Title of purchaser of undivided interest under execution sale for
   costs of partition proceeding *held* subject to deed of trust there-
   on given pending partition proceedings.

ON SUGGESTION OF ERROR.

[111 So. 577.]

4. LIS PENDENS.  *Petitioner for partition, desiring lien, should state
appropriate facts with prayer; otherwise, purchaser pendente
lite of cotenant's share is not subordinate to rights of complain-
ant.*

   Where one cotenant files a bill for a partition of property, and
   seeks an accounting against a cotenant in possession, if a lien is
   desired to be declared on such cotenant's share, the bill should
   state that the complainant is entitled to such lien, stating ap-

propriate facts in reference thereto, and praying for a lien to be declared, and, if the bill does not so state, a purchaser of a cotenant's share will not be subordinate to the rights of complainant.

*Corpus Juris-Cyc. References: *Lis Pendens*, 38CJ, p. 51, n. 51; p. 52, n. 55; Tenancy in Common, 38Cyc, p. 66, n. 71; p. 72, n. 84, 90 New. As to liability of cotenant to account for use and occupation or rents and profits, see annotation in 28 L. R. A. 829; 29 L. R. A. (N. S.) 224; 7 R. C. L. 836.

APPEAL from chancery court of Sunflower county. HON. E. N. THOMAS, Chancellor.

Suit by Ben T. Pennington against Mrs. E. M. Purcell. Decree sustaining a demurrer to the bill, and complainant appeals. Reversed and remanded.

*Forrest G. Cooper* and *J. J. Breland,* for appellant.

One tenant in common does not have a lien on the interest of an occupying cotenant such as will preclude third parties from safely dealing with the occupying co-tenant; but such tenant in common does have the mere right in proper cases to have a court of equity impress an equitable lien for excess rents collected. Such equitable lien does not arise from the collection of excess rents but arises from the power of an equity court in adjusting the equities to impress such a lien. Such an equitable lien commences on the date the court decrees that there is a lien. The filing of a *lis pendens* notice would preclude third parties from safely dealing with the cotenant.

This is not a contest between cotenants but is a contest between one tenant in common who later purchases another's interest and an outsider who takes a lien on another cotenant's interest. We think it important to keep this fact clearly in mind in considering the question of the rights and remedies of the two.

*Does one tenant in common have an equitable lien on the interest of his cotenant for rents, and when does*

*this equitable lien commence?*   Mississippi cases discussing this proposition are: *Medford* v. *Frazier,* 58 Miss. 241; *Burns* v. *Dreyfus,* 69 Miss. 211, 11 So. 107, 55 A. S. R. 541.   The last case disposes of any contention that might be made that one tenant in common *has* a lien on the interest of an occupying cotenant before the court fixes it.   It also disposes of the question that an equitable lien does not commence prior to date of the decree. The best reasoned case that we have found on the issue involved here is *Morgan* v. *Long,* 73 Miss. 406, 19 So. 98.

The very utmost which a reading of the bill for partition in our case would show was that Joe B. Evans was holding adversely all of the land owned by the tenants in common, was collecting and appropriating the rents and profits therefrom; and that Mrs. Purcell was asking for a partition and an accounting as to these rents.   In the *Morgan* v. *Long* case, cited above, we have precisely the same situation.   *Morgan* v. *Long,* as well as *Burns* v. *Dreyfus,* have never been overruled and constitute the law on this appeal.

In *Bennett* v. *Bennett,* 84 Miss. 493, 36 So. 452, Judge CALHOUN discusses at great length the rights and remedies of tenants in common on partition.

The rule announced in *Burns* v. *Dreyfus, supra,* and *Morgan* v. *Long, supra,* is in line with the majority rule in America.   7 R. C. L. section 32, page 836.   An elaborate footnote in 29 L. R. A. (N. S.) page 238, collects many authorities which clearly draw the distinction between the rights to an equitable lien where the contest is between cotenants and where the contest is between one cotenant and the holder of a lien on the interest of another.   See, also, *Flach* v. *Zanderson* (Tex. Civ. App.), 91 S. W. 348; 38 Cyc., page 72.

*When Pennington's trust deed recited pending litigation, to what extent was he charged with notice?*   Opposing counsel argued in the court below that this was the same as if a *lis pendens* notice was filed.   We do not agree with that contention, but for the sake of argument

145 Miss.—35.

will consider the question as if the *lis pendens* notice was filed in which all of the land was described. Our con- clusion is that such a *lis pendens* would have bound Pen- nington by the allegations and issues as made up at that time, but ·no further.; that Pennington was thereby charged with notice of the relief prayed for, being ob- tained and of only such incidental relief as was absolute- ly essential to the relief prayed to carry it out. 38 C. J., page 41, section 70; *Dobbins* v. *Economic Gas Co.,* 182 Cal. 616, 189 Pa. 1073.

*Chapman, Moody & Johnson,* for appellee.

The appellant was a purchaser (encumbrancer) *pen- dente lite* of the land sold under execution, and his title was subject to the claim for costs. It is even held by some of the courts that a purchaser of the interest of a cotenant during the pendency of a suit for partition be- comes personally liable for the costs; to say the least, such a purchaser acquires his title *cum onere* and is sub- ject to the liabilities incurred in the partition suit by his grantor. 30 Cyc. 298c.

Appellant further argues that the execution sale was void because the decree for costs does not authorize an execution; this argument is novel in view of section 516, Code of 1906 and Section 644 of said Code providing that the decree of a chancery court shall have the force, op- eration and effect of a judgment at law in the circuit court, and section 648 of said Code providing that when- ever the court shall render an order, judgment or decree for the payment of money against any party litigant, a compliance with such order, judgment or decree of the court may be enforced by process of *fieri facias.*

The next question is whether the lien of the cotenant, Mrs. Purcell, on the land in controversy was superior to the lien of the appellant under his deed of trust executed during the pendency of the partition suit.

There is conflict among the authorities as to whether or not a tenant in common, excluded from possession, has a lien on the interest of his cotenant for the rents and profits received by the latter. There is a line of authorities holding that a tenant in common excluded from possession has no lien on the interest of the occupying cotenant; but there is another line of authorities holding that there is a lien in favor of the excluded tenant in common on the interest of his cotenant for the rents and profits received by him. With the view that the lien exists, Mississippi is undoubtedly aligned. *Walker* v. *Williams,* 84 Miss. 392, 36 So. 450; *Bennett* v. *Bennett,* 84 Miss. 493, 36 So. 452; *Medford* v. *Frazier,* 58 Miss. 241; *Burns* v. *Dreyfus,* 69 Miss. 211, 1 So. 107. *Morgan* v. *Long et al.,* 73 Miss. 406, 19 So. 98, cited by appellant, has no bearing on any point involved in the case at bar.

We come now to the discussion of the right of a purchaser *pendente lite* of the interest of a cotenant on which a tenant in common excluded from possession, has a lien for the value of the use and occupation of the joint estate beyond the interest of his occupying cotenant.

We are agreed that the appellant had actual notice of the suit for partition pending in the chancery court of Sunflower county at the time his deed of trust was executed to him and that he was, consequently, a purchaser *pendente lite* with notice. But appellant argues that having actual notice is not of the same effect against a third party as a *lis pendens* notice, which is only constructive notice. See, however, section 3151, Code of 1906 (section 2502, Hemingway's Code). The statute constitutes the *lis pendens* notice except where there is actual notice. *McDaniel et al.* v. *Latham,* 109 So. 671.

Prior to the enactment of our *lis pendens* notice statutes, chapter 89, Code of 1906 (chapter 46, Hemingway's Code), all persons were deemed to have constructive notice of the suit from the time of the filing thereof and service of the process. *Allen* v. *Poole,* 54 Miss. 323, 333.

But the rule was changed by statute; constructive notice resulted only from the filing of the statutory *lis pendens* notice. *Alliance Trust Co.* v. *Nettleton,* 74 Miss. 584, 21 So. 396. The rule applying to partition suits is stated in 21 Am. & Eng. Ency. of Law (2 Ed.), page 1188, 2. See also 30 Cyc., page 211g; 38 C. J., page 22, section 24.

Appellant argues that having notice of the suit all that was required of him was to examine the bill of complaint and if the complainant therein did not specifically seek, in so many words, a lien on the land, the deed of trust executed to him by Evans would be prior to the claim of Mrs. Purcell.

Assuming that Mr. Pennington before accepting the deed of trust from Evans, having knowledge of the pending partition suit involving the land, examined the bill of complaint and concluded from his examination that no lien was sought by Mrs. Purcell—assuming even that the facts, to give one cotenant a lien on the interest of another, were not properly pleaded—what would be his rights in the premises? To what extent is he bound by the decree of the court? From the authorities above cited he is bound by the decree just as if he were a party to the suit. 38 C. J., section 87, page 49; *Shotwell* v. *Lawson,* 30 Miss. 27.

A purchaser *pendente lite* is bound by the decree without being a party. *Osborne* v. *Crump,* 57 Miss. 622, 627; *Chaffey et al.* v. *Patterson et al,* 61 Miss. 28; *Bank of Tupelo* v. *Motley,* 127 Miss. 674, 90 So. 438. Parties purchasing land *pendente lite* take it subject to the rights of the parties to the suit as it may be finally determined. *Glattli et al.* v. *Bradford,* 105 Miss. 573, 62 So. 643.

That the appellee in her partition suit did not seek to enforce a lien on the interest of Joe B. Evans, inasmuch as she did not specifically pray therefor, is not true, from our point of view, as we have attempted to show above. Facts were alleged showing her entitled to such a lien. Moreover, as an incident to the division of lands, the court will do full justice between the parties by directing accounts to be taken, adjudge the amount due by one co-

tenant to another, decree its payment, and enforce a lien in favor of one cotenant against another therefor. *Walker* v. *Williams, supra; Burns* v. *Dreyfus, supra;* section 3525, Code of 1906.

The appellant says there are not sufficient allegations in the bill; the decree of the court adjudges that there are, because it fixes the amount of the rent and decrees the lien. This decree cannot be collaterally attached. 30 Cyc., page 306; *Sweatman* v. *Dean,* 86 Miss. 641, 38 So. 231; 30 Cyc., page 309.

The appellant in this case is as much bound by the decree in the partition suit as if he were a party to it. He was not a *bona-fide* purchaser without notice, but a purchaser with notice and takes subject to the decree rendered in the suit of which he had actual notice at the time the deed of trust was executed for his benefit.

Argued orally by *Forrest G. Cooper,* for appellant, and *Elbert Johnson,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, Pennington, appeals from a decree sustaining a demurrer to his bill filed for the purpose of determining the question of whether or not a deed of trust held by him on an undivided interest in certain lands was superior to the lien of one cotenant for use and occupation by another cotenant holding adversely.

The case, in short, is as follows:

The appellee, Mrs. E. M. Purcell, and one Joe B. Evans, were the owners in common of a certain tract of land. She owned about five-eighths of it and Evans the other three-eighths. Evans occupied all of the land and used it without paying Mrs. Purcell for the use of her part of it. A partition suit was filed and the land partited, and the court decreed that Evans was due an amount to Mrs. Purcell for the use of her portion of the land, and that a

lien be impressed upon Evans' part to secure the payment of the amount due Mrs. Purcell.

The commissioner sold the land for partition, and it seems that he failed to pay the cost of the partition proceedings out of the funds realized from the sale. Mrs. Purcell bought the land under the partition sale. The three-eighths interest of Evans was subsequently sold again under an execution for the costs of the partition proceeding, and Mrs. Purcell purchased the land at this sale.

After the petition for partition was filed and a *lis pendens* notice of the partition proceedings was filed, the appellant, Pennington, obtained a deed of trust from Evans to secure the payment of an indebtedness due him by Evans, and the three-eighths undivided interest in the land involved in this suit was conveyed in the deed of trust to secure the indebtedness. The court, in the partition proceeding, adjudged that Evans was indebted to Mrs. Purcell for the use of her part of the land, and declared the amount due her a lien on his three-eighths interest in the land.

Now the question arises, first, was the deed of trust superior in right to the lien impressed upon the land by the decree of the court? Or was the right to an equitable lien in favor of the cotenant Mrs. Purcell against Evans' interest in the land, superior to the lien of the deed of trust? And, second, was the title obtained by Mrs. Purcell under the execution sale for the court costs superior to the lien of the deed of trust?

It is contended by the appellee, and it seems that the chancellor decided the case upon this theory, that the equitable lien of the cotenant Mrs. Purcell against the interest of Evans, the adverse holder, for the use of her part of the land, was prior and superior to the deed of trust taken after the partition suit was filed, and of which the appellant, Pennington, had actual and constructive notice.

We think the court was in error in so holding, because there was no lien in favor of Mrs. Purcell against the interest of Evans in the land until the lien was impressed by the decree of the court; and the deed of trust had been given and duly recorded before the lien was decreed against the land by the court in the partition proceedings.

There was an inchoate right to an equitable lien by the cotenant Mrs. Purcell against the cotenant Evans for the use of the land, even though the bill did not specifically seek a lien, but the right did not ripen into a lien until after it had been established by the decree of the court. Therefore the lien of the deed of trust was prior and superior to the lien subsequently impressed against the land by the court. This question has been settled in our state by the following cases: *Burns* v. *Dreyfus,* 69 Miss. 211, 11 So. 107, 30 Am. St. Rep. 539; *Morgan* v. *Long,* 73 Miss. 406, 19 So. 98, 55 Am. St. Rep. 541. The text-books also announce this rule. 7 R. C. L., p. 836; 38 Cyc., p. 72.

The sale of the three-eighths interest under execution for the costs of the partition proceeding at which Mrs. Purcell again bought Evans' interest in the land may or may not have been a valid sale; we do not decide, but, conceding it to be a valid sale, we are of the opinion that whatever title the purchaser secured by this sale was not superior to the lien of the deed of trust, but was subject to the priority of the deed of trust. Therefore we conclude that the appellee, Mrs. Purcell, acquired no rights in Evans' interest to the land that were superior to the rights of the appellant under the deed of trust.

It being our view that the deed of trust involved in this case was a superior lien over the claims of the appellee, the lower court was in error in sustaining the demurrer to the bill, and the decree therefore is reversed and the cause remanded, and appellee may answer the

bill within thirty days after the filing of the mandate in the lower court.

*Reversed and remanded.*

## ON SUGGESTION OF ERROR.

ETHRIDGE, J.

Appellee files a vigorous suggestion of error, in which it is insisted that appellant's deed of trust was subordinate to the right of appellee, because it was taken during the pendency of the partition proceedings, and consequently taken subject to the right of the appellee.

The bill for partition filed by the appellee did not state, in its body, that the appellee claimed a lien upon the lands involved, or was entitled to a lien; neither did the prayer of said bill pray that a lien be declared upon the property as a part of the relief, but merely prayed for an accounting and for a personal judgment. We think it was necessary for the appellee in the original bill to have stated therein that she was entitled to have a lien declared, and to pray for that relief, and that a purchaser or incumbrancer buying *pendente lite* may deal with the bill as it exists at the time, and that it is not required to take notice of any undisclosed equity which may, by subsequent amendment, be brought into the bill.

The statement in the present bill bearing upon notice of the pending suit is that J. B. Evans conveyed to the defendant C. J. Ward, trustee, the following real estate (describing it), which said interest of twenty-nine one hundred-twelfths in said land was represented to be free from any litigation, and to have a clear and undisputed title thereto. And he also conveyed an additional three-eighths interest in said described land which he represented to be in litigation with Mrs E. M. Purcell in this court. The bill, as it then stood, did not contain the statements above mentioned, nor does the record show the amendment by which it was amended to show the facts; but the chancellor decreed in favor of Mrs.

Purcell in the original suit an amount, and in his decree declared a lien upon the lands involved to pay such amount.

At the time Pennington took this deed of trust, there was no *lis pendens* filed, and no decree had been entered. The main opinion was in error as to when the *lis pendens* notice was filed. It was filed by the sheriff when he levied execution on the 25th day of May, 1922, more than two years after the deed of trust was given. For these reasons, we are of the opinion that the suggestion of error should be overruled.

*Suggestion of error overruled.*