171 So. 719

### GRIFFIN et al. v. AYERS et al.

### 4 Div. 900.

Supreme Court of Alabama.

Dec. 17, 1936.

Rehearing Denied Jan. 21, 1937.

O. S. Lewis, of Dothan, for appellants.

Farmer, Merrill & Farmer and J. N. Mullins, all of Dothan, for appellees.

FOSTER, Justice.

This is a second appeal in this case. See 231 Ala. 493, 165 So. 593. It was there held that Ed and Charlie Griffin

owned an undivided half interest in the property in question, and Mamie Griffin Ayers the other half. The suit then proceeded to a final decree in which it was held that Mamie Ayers was indebted to them each for rents, which she had collected, in the sum of $198.34, the same being a fourth of such amount, and a decree was rendered personally against her in their favor, each separately for that amount.

The decree also recited that the land had been sold, and there was in the possession of the court $695.75, from which should be deducted $83.50 cost of holding a reference, and of recording the decree. It was then ordered that the register should pay to Ed Griffin and Charlie Griffin, each, one-fourth of the balance, which would be approximately $300. This is after deducting the $83.50 cost of the reference and of recording the decree.

The court then took notice of a controversy between the parties as to whether the Griffins had a right to subject this interest of Mamie Ayers to the satisfaction of their claim for rents collected by her in preference to the claim of her attorneys for a fee for their services in representing her in this litigation. No lien had been declared in favor of the Griffins nor the attorneys, but the court ordered them to propound their claims. This they did.

The bill of complaint sought to have Mamie Ayers account for the rents collected and to have the amount due him deducted from her interest in the proceeds of the sale. She then employed counsel to represent her in the suit, and contended that she owned the entire fee in the property as a homestead. She had two sets of counsel, and to one she executed a mortgage on the property which was sold to secure him. This was all after the suit was begun.

Upon hearing the claims so propounded, the court ordered the register to pay $51.-40, the costs of appeal chargeable to Mamie Ayers on the former appeal, which she lost, and that the balance be paid to the attorneys in priority to the claims of the Griffin brothers upon that fund to satisfy their judgment for rent.

■ They now complain of that decree, because their rights were not held to take priority over those of the attorneys, and over the cost bill on the former appeal. They have a personal decree against Mamie Ayers, who was a trustee in invitum of the rents she collected. Staples v. Pearson, 230 Ala. 62, 159 So. 488, 98 A.L.R. 852. But it is not sought to fasten a lien on the proceeds of the rents so collected.

■ The correct solution of the question involved requires a discussion of the nature of the rights of appellants as compared with those of the attorneys. The right of a tenant in common to charge his cotenant with a proportionate amount of the rents collected for the use of the common property does not create a lien on the cotenant's interest in the land. Newbold v. Smart, 67 Ala. 326. It is but an inchoate equitable right worked out on a sale for division so as to do justice to all parties. Pennington v. Purcell, 145 Miss. 543, 111 So. 577. It is thus explained in the text of 7 R.C.L. 836, § 32: "It ought not to be held on principle that any lien or incumbrance arises in favor of one cotenant against the share or interest of another in the land for rents due. Such liens would be indefinite in amount, and undisclosed by public records, upon which third persons in dealing with the owners of property ordinarily have a right to rely. They would greatly injure tenants in common by impairing the market value of their interests because of the apprehension on the part of persons contemplating the purchase of such interests, or otherwise dealing with them, that claims for rents might be established as superior liens. There are many authorities holding that no such liens exist. But the rule has been laid down that, as among the parties themselves, the court in decreeing partition has the power, in doing full justice in the premises, to adjust all demands for rent, and require the amount found due to be settled from the share of the proceeds of the sale of the property coming to the cotenant owing the rent. This rule is not objectionable, as creating a secret, indefinite lien, to the prejudice of those persons dealing with the owners of the property, and, therefore, it is not opposed to the rule that no such lien exists. The reason for this view is that the increase or rent is common property as much as the principal or the original estate. Therefore, when one takes of the increase or rents he takes a part of the common fund or property, and it may well be said that there is on his part an implied agreement to have what he has received applied on his share, or that on division he will bring it in, to the end that it may be charged to him on division. A court of equity works out this result, it is said, through the operation of

an equitable lien. The rule is well settled that any claim which a tenant in common may have against his cotenant's interest for rents and profits received by him, whether or not the claim constitutes a lien, is subordinate to the rights of third persons, either as lienors, purchasers, or otherwise; although in some jurisdictions priority is given to the lien of a co-tenant as against a mortgagee of the lienee."

The relief is not granted because the tenant in common has a specific legal right to that relief, but it is granted as an equitable adjustment of their respective claims upon the proceeds of a sale of the jointly owned property.

We have in several cases noted the change by section 6262, Code, made since some of our earlier cases, so as to create a lien for the attorney on land involved in the suit when it is the subject of recovery, and held that such change established a lien when the attorney files a suit for the land, and it cannot be defeated by a subsequent sale or encumbrance, and that the lien exists in suits for the sale of property for division in favor of the attorney for one of the owners for services rendered to his client under section 6262, Code. Owens v. Bolt, 218 Ala. 344, 118 So. 590, 593.

It was also noted in that case that there is a distinct difference between a suit of that nature to which subsection 3 applies, and one for the recovery of money under subsection 2. In the latter it is said that the suit must be prosecuted to judgment to bring into being the subject-matter to which the lien attaches. But in a suit for property the subject-matter is already in being, and a suit of this sort is for property. That case serves to distinguish this situation from that stated in Adams v. Alabama Lime & Stone Corporation, 221 Ala. 10, 127 So. 544, which related to a suit and judgment on a moneyed demand. It was in both cases shown that on a moneyed demand the lien of the attorney rises no higher than the judgment, and it is a sort of an assignment of it pro tanto, and arises as of the date of the judgment, not on the accrual of the cause of action.

■ But in a suit under subsection 3, the lien does not relate to the date of the judgment, but to the institution of the suit. If the attorney is employed in a partition suit by one of the cotenants, it relates to the date of the institution of the suit or his appearance for one not a complainant. We do not intend to affirm that such lien does or can displace one which the parties have theretofore created. But the statute can and does place it on a superior footing to claims and rights which the law establishes or which the court will declare as a matter of equitable adjustment. It is declared to be superior to all such liens except for taxes.

We have shown that appellants have no contract lien nor other right as such. And the equitable relief comes into being only on a final decree and an adjustment of their respective claims. In the meantime, in such a suit as this the lien of the attorney has attached and becomes superior to all rights which were brought into being thereafter. But it is not subordinate to claims which are not demandable of right but are granted ex gratia curiæ. Ex parte Cooper, 212 Ala. 501, 103 So. 474; Ex parte Lehman, Durr & Co., 59 Ala. 631, 633; Kalteyer v. Wipff, 92 Tex. 673, 52 S.W. 63.

Since the nature of appellants' claim is such as is grantable only ex gratia curiæ, and not of right, and since the attorney's lien attaches before the rendition of the judgment in which appellants' claim may be granted, if at all, the attorney's lien takes precedence, and the trial court properly so held.

■ The claim for the costs of the former appeal against Mamie Ayers is in the same status as that of appellants. There is no specific lien on the fund in court for its payment. While it was ordered paid in priority to the attorneys, they do not complain here. But it is a claim which, like that of appellants, appeals to the grace of the court of equity, grantable pursuant to a proper regard for the equities of the situation. We do not think the court acted unwisely or unjustly in ordering it paid in priority to appellants, out of the fund in question. Neither had a claim on it superior in right to the other.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.